[Crim. No. 12642. Second Dist., Div. Five. Mar. 17, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND G. GONZALES, Defendant and Appellant.

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philippe Monet, Deputy Attorney General, for Plaintiff and Respondent.

HUFSTEDLER, J.—The People move for an order dismissing Gonzales's appeal on the ground that Gonzales failed to comply with the requirements of section 1237.5 of the Penal Code. Gonzales filed an appeal May 31, 1966, from a judgment rendered May 27, 1966, convicting him of violating section 470 of the Penal Code (forgery) following his entry of a plea of guilty.

Gonzales was charged with three counts of forgery upon an information filed January 20, 1964. On January 23, 1964, Gonzales, then represented by counsel, pleaded guilty to count one of the information and the remaining counts were dismissed. Further proceedings were adjourned and an examination was ordered pursuant to section 6451 of the Penal Code (now section 3051 of the Welfare and Institutions Code) to determine whether he was addicted to narcotics or in imminent danger of becoming so addicted. After disposition of the proceedings pursuant to section 6451 of the Penal Code, criminal proceedings were resumed. On May 27, 1966, Gonzales, again appearing with counsel, intelligently waived his right to a probation report and requested immediate sentence. Probation was denied and Gonzales was sentenced upon the count to which he had theretofore pleaded guilty to the term of imprisonment prescribed by law. The remaining counts were again dismissed.

Gonzales did not at any time file a written statement of good cause with the trial court, nor did the trial court execute a certificate of probable cause as required by section 1237.5 of the Penal Code, effective September 17, 1965,[1] and

---

[1] "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:

" (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

" (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

by California Rules of Court, rule 31, subsection (d).[2] Section 1237.5 of the Penal Code effectively forecloses Gonzales's appeal in this case. The pivotal date in the determination of the applicability of section 1237.5 is not the date upon which a defendant enters his guilty plea, but the date upon which the judgment is rendered[3] from which he has taken his appeal. The record demonstrates that section 1237.5 became effective prior to the date upon which Gonzales was convicted.

The appeal is dismissed.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied April 13, 1967.

---

[2] "(d) [Guilty or nolo contendere plea] In cases in which a judgment of conviction was entered upon a plea of guilty or nolo contendere, the defendant shall file his notice of appeal within 10 days after the rendition of judgment, but the appeal shall not be operative unless the defendant files the statement, and the trial court executes and files the certificate of probable cause, required by section 1237.5 of the Penal Code. The defendant shall file such statement within 10 days after the rendition of judgment and when filed within such period it shall serve as a notice of appeal if no other notice of appeal is filed. Where a timely notice of appeal has been filed, the trial court may, for good cause, permit the filing of the defendant's statement beyond the 10-day period but not later than 40 days after the rendition of judgment. Within 60 days after the rendition of judgment the trial court shall execute and file either a certificate of probable cause or an order denying such a certificate and shall forthwith notify the parties of the granting or denial of such certificate.

"The time for preparing, certifying and filing the record on appeal or for filing an agreed statement shall commence to run when the appeal becomes operative."

[3] In this case both the rendition of the judgment and the filing of notice of appeal occurred after September 17, 1965.