## PEOPLE *v*. ANDERSON.

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY—WAIVER OF EXAMINATION.

   A plea of guilty may be withdrawn at any time before sentence especially where an examination has been waived and no informative court-recorded evidence is available.

2. SAME—CHANGE OF PLEA—SENTENCE.

   Where court denied defendant's request to change his plea before sentence, the sentence imposed must be vacated and a new trial ordered.

3. SAME—QUESTIONS REVIEWABLE—ASSISTANCE OF COUNSEL.

   Where a new trial is ordered in a criminal case, because trial court denied defendant the right to change his plea before sentence, it is unnecessary to determine whether or not the defendant was unlawfully denied his right to the assistance of counsel.

Appeal from Recorder's Court of the City of Detroit; Stein (Christopher E.), J. Submitted April 15, 1948. (Docket No. 75, Calendar No. 43,698.) Decided June 14, 1948.

Charles Anderson was convicted of statutory rape. Reversed and new trial granted.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 14 Am. Jur., Criminal Law, §§ 286–291.

[1–3] Right to withdraw plea of guilty.  20 A.L.R. 1445; 66 A.L.R. 628.

[1–3] Withdrawal of plea of guilty after conviction.  146 A.L.R. 1430.

*Bledsoe & Taylor,* for appellant.

*Eugene F. Black,* Attorney General, and *Edmund E. Shepherd,* Solicitor General, for the people.

Bushnell, C. J.   Defendant Charles Anderson was arrested on January 12, 1943, and arraigned on January 18th on an information charging him with statutory rape, to which he pleaded guilty. After being questioned by the court his plea was accepted and sentence was deferred pending an investigation by the probation and psychopathic departments of the recorder's court of the city of Detroit. He was returned to court on January 25th and the following transpired:

*"The Court:* * * * I referred the defendant to the probation department for a report, which report I have before me, and I have perused it quite carefully, and also a psychopathic report, and I will ask you at this time, Mr. Anderson, whether you have anything to say why the court should not proceed to pronounce sentence upon you?

*"The Defendant:* I do. I haven't been able to see anyone but the policeman that arrested me. I tried to communicate with my friends and family, and I would like to change my plea in this case.

*"The Court:* No, you pleaded guilty freely and voluntarily before me the other day, and the matter was fully explained to you, and I do not feel at this time—

*"The Defendant:* (Interrupting) I would like to know, your Honor, if it is allowed in the State of Michigan for a man to be picked up on the 12th and held until Friday without being able to communicate with his lawyer or anyone?

*"The Court:* Well, you were asked about that at the time you entered your plea. You voluntarily pleaded guilty to the charge at that time, and it is rather a late time. I intend to impose sentence upon you at this time."

At the conclusion of this colloquy, Anderson was sentenced to life imprisonment, with the recommendation that he not be released at any time. After sentence was pronounced, Anderson said:

"As I understand it, I have no right to counsel or nothing?"

The court replied:

"That was gone over when you were before me. That is all. In this case, I want it to mean just what I said; life imprisonment."

On February 21, 1946, defendant filed an application in his own proper person for leave to file a delayed motion for new trial. He claims that he was forced to enter a plea of guilty after being held incommunicado for 19 days without being permitted to see his friends or relatives, and that he was deprived of his right to the assistance of counsel.

The people, in opposition to defendant's application, made a showing that six days after he was arrested he received a visitor at the county jail, and, they insist, that he was not denied the right to see an attorney of his choice. The people also presented to the trial judge a claimed voluntary statement by Anderson in which he admitted that he was guilty of the crime with which he was charged.

On review in this Court of the order denying Anderson's petition, he was represented by counsel who entered the case at the request of the solicitor general of the State.

As stated in *People* v. *Piechowiak,* 278 Mich. 550, 552:

"A considerate procedure of long recognition in this jurisdiction admits of withdrawal of a plea of guilty at any time before sentence, and this is especially true where in a case like this, an examination has been waived and, therefore, no informative court-recorded evidence is available."

See, also, *People* v. *Wexner,* 280 Mich. 696; *People* v. *Street,* 288 Mich. 406; *People* v. *Stone,* 293 Mich. 658; *People* v. *Severn,* 303 Mich. 337; and *People* v. *Vasquez,* 303 Mich. 340.

Because of the court's error in denying defendant's request to change his plea before sentence, the sentence heretofore imposed must be vacated and a new trial ordered.

As a result of this holding it is unnecessary to determine whether Anderson was unlawfully denied his right to the assistance of counsel.

Both the judgment heretofore entered and the order appealed from are vacated.

The cause is remanded to permit defendant to withdraw his plea of guilty for further proceedings.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.