CHRISTIAN, J.
 

 The People move to dismiss this appeal for failure of the appellant to comply with the requirement of Penal Code section 1237.5, that he obtain a certificate of probable cause in order to perfect an appeal after a plea of guilty.
 

 Appellant and two codefendants were charged by information with kidnaping for the purpose of robbery, violation of Penal Code section 209, and robbery, violation of Penal Code section 211. All defendants pleaded not guilty. No defendant moved for separate trial; joint trial of all three defendants commenced on September 10,1965.
 

 The signed confessions of both of appellant’s eodefendants were proved; each clearly implicated appellant as a participant in the robbery. These confessions were received in evidence with an admonition to the jury that they were not to be considered as against appellant. This occurred before the California Supreme Court, in
 
 People
 
 v.
 
 Aranda
 
 (1965) 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265], ruled that this “practice is prejudicial and unfair to the . . . defendant and must be altered.” (63 Cal.2d at 530.) However, in
 
 People
 
 v.
 
 Charles
 
 (1967) 66 Cal.2d 330 [57 Cal.Rptr. 745, 425 P.2d 545], the court held that the
 
 Aranda
 
 rule should be applied to cases still pending on direct review. (66 Cal.2d at 334.)
 

 After the confessions had been proved, all three defendants changed their pleas to guilty as to the robbery count of the information. The first count, charging kidnaping for the purpose of robbery, was dismissed. Judgment was entered against this appellant on November 24, 1965. Appellant, who with the other defendants had been jointly represented by a deputy public defender throughout the proceedings in the trial court, prepared and filed a notice of appeal in propria persona. The notice of appeal would have been timely and effective but for the provisions of Penal Code section 1237.5,
 
 [1]
 
 which took effect on September 17, 1965. (Also see Cal. Rules of Court, rule 31(d).) The statute is applicable in all eases in which judg
 
 *905
 
 ment was entered following September 17, 1965.
 
 (People
 
 v.
 
 Gonzales
 
 (1967) 249 Cal.App.2d 552 [57 Cal.Rptr. 587].) Appellant did not seek a certificate of probable cause from the trial court by filing an appropriate statement of his grounds of appeal.
 

 In opposition to the motion to dismiss the appeal, appellant contends that section 1237.5 is unconstitutional in that it is fundamentally unfair, and thus contrary to due process, to put the trial judge in the position of determining whether his own actions have given rise to probable cause for appeal. This contention is unsound. The statute applies only to cases in which hy reason of a plea of guilty or nolo contendere the questions for consideration on appeal bear only on the validity of the plea. Therefore, any asserted errors occurring after the plea can be raised on appeal without compliance with section 1237.5.
 
 (People
 
 v.
 
 Ward
 
 (1967) 66 Cal.2d 571 [58 Cal.Rptr. 313, 426 P.2d 881].)
 

 Appellant further contends that strict compliance with the provisions of Penal Code section 1237.5 should be excused for the reason that he did not have counsel to assist him in that regard. The notice of appeal was prepared after the last appearance in the trial court, at which appellant was represented by counsel, and before we appointed other counsel to conduct this appeal. The record does not establish that appellant sought the assistance of trial counsel in complying with the requirements of the statute. It would have heen incumbent upon trial counsel to perform that function if called upon to do so; the time for compliance with the requirements of section 1237.5 is short and trial counsel would have obvious advantages over a newcomer to the case in preparing a valid statement of the intended grounds of appeal. On the other hand, the record does not show that counsel was actually available to appellant during the crucial period.
 

 Because of the uncertain state of the record regarding the availability of counsel, we continued the hearing on the present motion to dismiss the appeal and granted appellant leave to apply to the trial court for a certificate of probable cause. That application was made and denied. Therefore, under the provisions of Penal Code section 1237.5, “No ap
 
 *906
 
 peal shall be taken.” The statute is applicable even though under the
 
 Aranda
 
 and
 
 Charles
 
 rules, if appellant had stood upon his original plea and been convicted, he would perhaps have been entitled to a new trial. But he would then have had to face both of the original charges.
 

 Even before the enactment of section 1237.5 the plea of guilty would have eliminated from the case such procedural questions as the propriety of a joint trial of several defendants.
 
 (People
 
 v.
 
 Rose
 
 (1959) 171 Cal.App.2d 171 [339 P.2d 954].) Appellant has never sought leave to withdraw the guilty plea; thus the purported appeal from the judgment must be dismissed
 
 (People
 
 v.
 
 Cole
 
 (1961) 198 Cal.App.2d 561, 563 [17 Cal.Rptr. 686].)
 

 The appeal is dismissed.
 

 Devine, P. J., and Rattigan, J., concurred.
 

 [1]
 

 ‘ ‘ Section 1237.5. No appeal shall he taken hy defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:
 

 (a) The defendant has filed with the trial court a written statement,
 
 *905
 
 exeeuted under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and
 

 (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk. ’ ’