[Civ. No. 9420. Fourth Dist., Div. Two. Nov. 18, 1968.]

THOMAS RICHARD MORAN, Petitioner, v. W. E. ST. JOHN, as Clerk of the Superior Court, etc., Respondent; THE PEOPLE, Real Party in Interest.

Frank L. Williams, Jr., Public Defender, Michael D. Pursell and James R. Goff, Deputy Public Defenders, for Petitioner.

Adrian Kuyper, County Counsel, and Arthur C. Wahlstedt, Jr., Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

FOGG, J. pro tem.*—On December 20, 1967, petitioner entered a plea of guilty to count I of an information charging him with a violation of section 11530 of the Health & Safety Code (possession of marijuana) after his pretrial motion to suppress was heard and denied.

*Assigned by the Chairman of the Judicial Council.

On January 3, 1968, petitioner's application for probation was denied and he was sentenced to state prison.

On January 11, 1968, petitioner through his attorney filed with the Clerk of the Orange County Superior Court a notice of appeal from the denial of the motion to suppress and the judgment of January 3, 1968. By a notice of filing notice of appeal, dated January 11, 1968, said clerk informed petitioner that his appeal would not be operative unless the requirements of section 1237.5 of the Penal Code were satisfied.

On January 15, 1968, a letter was filed from petitioner's attorney pointing out the language of section 1538.5, subdivision (m), of the Penal Code. On that same day a second notice of appeal was filed on behalf of petitioner.

Said clerk, on January 15, 1968, replied to counsel's letter with a second notice of filing notice of appeal, stating that the appeal would not become operative until either the requirements of section 1237.5 of the Penal Code were satisfied or an order of the court directing preparation of the record on appeal was received.

Petitioner contends that section 1237.5 of the Penal Code does not apply since the validity of his plea of guilty is not being challenged; and that to the extent that the provisions of section 1538.5 of the Penal Code are inconsistent with section 1237.5, that the former controls, it being the latest expression of the Legislature and a special statute.

Respondent contends that no statutory inconsistency exists and that in all cases involving appeals from pleas of guilty or nolo contendere, the petitioner must file a certificate of probable cause to make the appeal operative under section 1237.5 of the Penal Code and rule 31(d), Rules of Court.

The question presented, therefore, is: Are the provisions of section 1538.5, subdivision (m), of the Penal Code for review of the validity of a search or seizure after a judgment of conviction predicated on a plea of guilty subject to the requirements of section 1237.5 of the Penal Code?

Section 1237.5 of the Penal Code was enacted in 1965 and reads as follows: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and (b) The trial court has executed and filed a certificate of probable cause for such appeal with the

county clerk." (Added Stats. 1965, ch. 1924, § 2, p. 4445.)

Section 1538.5 of the Penal Code was enacted in 1967 and subdivision (m) reads as follows: "(m) The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence." (Added Stats. 1967, ch. 1537, § 1.)

Rule 31(d), California Rules of Court, reads as follows: "(d) [Guilty or nolo contendere plea] In cases in which a judgment of conviction was entered upon a plea of guilty or nolo contendere, the defendant shall file his notice of appeal within 10 days after the rendition of judgment, but the appeal shall not be operative unless the defendant files the statement, and the trial court executes and files the certificate of probable cause, required by section 1237.5 of the Penal Code. The defendant shall file such statement within 10 days after the rendition of judgment and when filed within such period it shall serve as a notice of appeal if no other notice of appeal is filed. Where a timely notice of appeal has been filed, the trial court may, for good cause, permit the filing of the defendant's statement beyond the 10-day period but not later than 40 days after the rendition of judgment. Within 60 days after the rendition of judgment the trial court shall execute and file either a certificate of probable cause or an order denying such a certificate and shall forthwith notify the parties of the granting or denial of such certificate.

"The time for preparing, certifying and filing the record on appeal or for filing an agreed statement shall commence to run when the appeal becomes operative. [Adopted, effective Sept. 17, 1965.]"

As stated by counsel for respondent, there are no California cases directly in point dealing with this question. In *People* v. *Ward,* 66 Cal.2d 571 [58 Cal.Rptr. 313, 426 P.2d 881], cited by petitioner, defendant pleaded guilty to murder and

appealed from the judgment of conviction, asserting errors in the subsequent proceedings to determine the degree of his crime but failing to file the certificate specified in section 1237.5, within the time prescribed by rule 31(d). The Supreme Court denied a motion to dismiss the appeal, holding that compliance with section 1237.5 of the Penal Code was not required since defendant was not attempting to challenge the validity of the guilty plea. The court indicated that ''[t]he primary purpose of the section [was] to prevent the taking of frivolous appeals based on the asserted invalidity of pleas of guilty.''

The other case cited by petitioner involving section 1237.5 of the Penal Code is *People* v. *Brown,* 260 Cal.App.2d 745 [67 Cal.Rptr. 288], in which the defendant appealed from an order granting probation upon the ground that the trial court erred in refusing to dismiss the charge for failure to bring the defendant (who was serving a sentence in a federal prison) to trial within 90 days after his request as specified in section 1381.5 of the Penal Code. Again, the appellate court held that since defendant was not challenging the validity of his plea of guilty, compliance with section 1237.5 of the Penal Code was not required, citing *People* v. *Ward, supra,* 66 Cal.2d 571.

Although these cases are not precisely in point, they do point up the limited purpose of section 1237.5 of the Penal Code, i.e., to challenge the validity of a guilty plea.

It is obvious that this petitioner is not attacking the validity of his guilty plea; his only attack is upon the trial court's refusal to suppress the evidence. He is, in effect, saying that since the trial court erroneously ruled that the marijuana would be received in evidence at trial, he had no real choice but to plead guilty to its possession. Also implicit in this probable determination by defendant and his counsel would be the fact that to require a trial would have been a senseless waste of time and money.

One of the legislative purposes behind section 1538.5 of the Penal Code was to require the issue of an illegal search and seizure to be raised by a defendant at an early stage so as to save the inconvenience and expense of determining the issues during trial. It is likewise reasonable to assume that the purpose of subdivision (m) was to provide a simple method of review of the validity of a search and seizure even though a defendant later pleaded guilty. Therefore, to require petitioner to file his written statement and to secure a certificate of probable cause from the trial judge would serve no useful

purpose and would be unreasonable, particularly since the time therefor under rule 31(d) has long since expired.

This does not mean that it is our opinion that section 1538.5, subdivision (m), of the Penal Code impliedly repeals section 1237.5 of the Penal Code, nor that they are inconsistent. We merely hold that section 1538.5, subdivision (m), provides for an exception to the requirements of section 1237.5 in the circumstances of this case.

This interpretation of section 1538.5, subdivision (m), of the Penal Code as an exception to section 1237.5 of the Penal Code would not affect in any way the rule that in the usual case where a defendant appeals from a judgment of conviction following a plea of guilty, his failure to comply fully with section 1237.5 of the Penal Code and rule 31(d) forecloses his appeal. (*People* v. *Gonzales*, 249 Cal.App.2d 552 [57 Cal.Rptr. 587].)

Let a peremptory writ issue.

McCabe, P. J., and Tamura, J., concurred.