[Crim. No. 13746. In Bank. Feb. 11, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES E. RIBERO, Defendant and Appellant.

## COUNSEL

James E. Ribero, in pro. per., and John L. Giordano, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and George R. Nock, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, C. J.**—Petitioner, James E. Ribero, seeks an order permitting him to file a late notice of appeal pursuant to rule 31(a) of the California Rules of Court.

*Facts*

Petitioner originally pleaded not guilty to a charge of possession of a check or money order with intent to defraud in violation of section 475a of the Penal Code. He alleges that he thereafter changed his plea to guilty in reliance on a statement by his attorney that upon so doing he would be committed to the state rehabilitation center as a narcotic addict. Petitioner does not allege that there was a bargain with the prosecution or the court, that his attorney's representation was in any way substantiated by the prosecution, or that his attorney purported to speak for any responsible public official.

Petitioner appeared for sentence on March 27, 1969, and was informed by the trial court that he would be committed to the Department of Corrections. Petitioner then attempted to withdraw his guilty plea. He told the court that at the time he entered his guilty plea he was a narcotic addict and was under the influence of drugs. He further stated that the reason he had changed his plea to guilty was the assurance of his attorney that he would be sent to a narcotic hospital for treatment. Petitioner alleges that the court then stated, "What you are trying to say is that you weren't fully aware," and that he had agreed with the court's statement. The court, however, refused to permit petitioner to withdraw his guilty plea and sentenced him to state prison.

Immediately after sentence was imposed, petitioner requested his attorney to appeal. He alleges that his attorney said he would "take care of the matter," but that in fact the attorney made no attempt to perfect an appeal. On April 11, 1969, petitioner sought to procure a copy of the

superior court record and reporter's transcript, but his request was denied. Letters to his attorney were unavailing, and in May 1969 petitioner attempted to file his own notice of appeal. The notice was not filed, however, because of expiration of the period of time prescribed for such filing. Petitioner then sought an order from the Court of Appeal permitting him to file a late notice of appeal, but this application was denied on June 3, 1969. Thereafter this court granted a petition for hearing.

### Applicability of Section 1237.5 of the Penal Code

The Attorney General properly concedes that had petitioner pleaded not guilty and thereafter had been convicted he would be entitled to relief pursuant to rule 31(a) of the California Rules of Court. The Attorney General contends, however, that in view of the guilty plea, it would be fruitless to grant such relief because the ensuing appeal would not be operative on the ground that petitioner has not complied with the requirements of section 1237.5 of the Penal Code.[1]

Section 1237.5 provides: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." The provisions of this section are implemented by rule 31(d) of the California Rules of Court.[2]

---

[1]Rule 31(a) requires that notice of appeal in a criminal case be filed within 10 days after rendition of judgment, but it also empowers appellate courts to grant relief in proper cases. (*People* v. *Acosta* (1969) 71 Cal.2d 683, 685 [78 Cal.Rptr. 864, 456 P.2d 136].) The Attorney General has stipulated that within 10 days after imposition of sentence petitioner told his attorney that he wished to appeal and that his attorney did not take any action to perfect the appeal. Apart from the applicability of section 1237.5, these facts would entitle petitioner to relief. (*People* v. *Camarillo* (1967) 66 Cal.2d 455, 458 [58 Cal.Rptr. 112, 426 P.2d 512].)

[2]Rule 31(d) provides in part: "In cases in which a judgment of conviction was entered upon a plea of guilty or nolo contendere, the defendant shall file his notice of appeal within 10 days after the rendition of judgment, but the appeal shall not be operative unless the defendant files the statement, and the trial court executes and files the certificate of probable cause, required by section 1237.5 of the Penal Code. The defendant shall file such statement within 10 days after the rendition of judgment and when filed within such period it shall serve as a notice of appeal if no other notice of appeal is filed. Where a timely notice of appeal has been filed, the trial court may, for good cause permit the filing of the defendant's statement beyond the 10-day period but not later than 40 days after the rendition of judgment. Within 60 days after the rendition of judgment the trial court shall execute and file either a certificate of probable cause or an order denying such a certificate and shall forthwith notify the parties of the granting or denial of such certificate."

 Petitioner concedes that he has not complied with section 1237.5, but he contends that the requirements of that section are not applicable to the facts of this case. He relies on *People* v. *Ward* (1967) 66 Cal.2d 571 [58 Cal.Rptr. 313, 426 P.2d 881], and *People* v. *Delles* (1968) 69 Cal.2d 906 [73 Cal.Rptr. 389, 447 P.2d 629]. In *Ward* we held that a defendant was not required to comply with the provisions of section 1237.5 if he was not challenging the validity of his plea of guilty but was asserting only that errors occurred in the proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. Although section 1237.5 refers generally to an appeal "from a judgment of conviction upon a plea of guilty," we stated that the section was only intended to apply to a situation in which a defendant claimed that his plea of guilty was invalid. (*People* v. *Ward, supra,* at p. 574.) *Delles,* following the reasoning of *Ward,* held that section 1237.5 did not apply where the defendant's only claim was that the trial court erred in imposing a prison sentence contrary to the terms of the bargain by which his guilty plea was obtained. (*People* v. *Delles, supra,* at p. 909.)[3]

Petitioner contends that *Ward* and *Delles* govern this case because he is asserting not only that his guilty plea was invalid, but also that the trial court erred in the penalty proceeding subsequent to the plea by imposing a prison sentence contrary to a plea bargain. The only basis alleged in support of a "plea bargain" is petitioner's statement that he was told by his trial counsel that upon a plea of guilty he would be committed to the state rehabilitation center as a narcotic addict. The Attorney General has denied that trial counsel made any such promise. Even if petitioner's allegations are true, however, they are not sufficient to warrant relief on the theory that the trial court imposed sentence in violation of a valid plea bargain. "[P]urported misrepresentations of defense counsel that a specific sentence will be imposed are insufficient to vitiate a plea entered in reliance thereon" (*People* v. *Reeves* (1966)

---

[3]Based on the same rationale, Courts of Appeal have held section 1237.5 not applicable in a number of other situations where defendant sought to appeal following a judgment of conviction upon a guilty plea, but where defendant was not challenging the validity of that plea. E.g., *Moran* v. *St. John* (1968) 267 Cal.App.2d 474, 477-478 [73 Cal.Rptr. 190] (alleged error in denial of motion to suppress evidence pursuant to section 1538.5 of the Penal Code); *People* v. *Brown* (1968) 260 Cal.App.2d 745, 746-747 [67 Cal.Rptr. 288] (alleged error in denial of motion to dismiss based upon prosecution's noncompliance with section 1381.5 of the Penal Code); *People* v. *Coley* (1968) 257 Cal.App.2d 787, 793 [65 Cal.Rptr. 559] (allowing review of conclusion by Director of Corrections that defendant was not a fit subject for treatment); *People* v. *Rogers* (1967) 252 Cal.App.2d 1015, 1020 [61 Cal.Rptr. 48] (allegation that trial court erred in pronouncing judgment and sentence because of noncompliance with section 1203.2a of the Penal Code). In each of these cases, however, the court reiterated the rule that when a defendant challenges the validity of his guilty plea, compliance with section 1237.5 is a prerequisite to an appeal.

64 Cal.2d 766, 776 [51 Cal.Rptr. 691, 415 P.2d 35]), and they are certainly insufficient to have any binding effect on the trial court as to the sentence to be imposed. Such alleged misrepresentations cannot rise to the level of a valid plea bargain in the absence of at least apparent substantial corroboration by a responsible public official. (Cf., *People* v. *Gilbert* (1944) 25 Cal.2d 422, 443 [154 P.2d 657].) ■ Petitioner has not alleged that his attorney's representations were in any way substantiated by the prosecution or the court, nor has he alleged that his attorney purported to speak for a responsible public official. Thus there is no merit in petitioner's claim that the trial court erred in the subsequent proceedings by imposing a prison sentence in violation of a bargain by which his plea was obtained.

Even in the absence of a valid plea bargain, alleged misrepresentations by defense counsel could, of course, be considered by the trial court in ruling on a motion before judgment to withdraw a guilty plea pursuant to Penal Code section 1018. Nothing we have said above with respect to plea bargains is intended in any way to restrict the power of the trial court in the exercise of its discretion in granting or denying motions to withdraw guilty pleas pursuant to that section. In this respect, however, petitioner's allegations of misrepresentations by defense counsel, like his remaining allegations, that at the time he entered his guilty plea he was addicted to and under the influence of drugs and was not "fully aware," go only to the validity of his plea. What he is actually contending, therefore, is that the trial court erred in not permitting him to withdraw an allegedly invalid plea of guilty.

The merits of this contention are not before us at this time, for we are now concerned only with the issue of whether section 1237.5 is applicable when a defendant seeks review of an order denying a motion to withdraw a guilty plea even though the motion relates to the validity of the plea. It is contended that to require compliance with section 1237.5 would seriously restrict inquiry into error in the denial of the motion. There is no merit in this contention. ■ Section 1237.5 does not limit the scope of review of the denial of a motion to withdraw a plea of guilty when that error is properly before the court on appeal. It merely sets forth a procedure for precluding frivolous appeals by requiring the defendant to set forth grounds for appeal and, if he does so, by requiring the trial court to rule on the issue of probable cause.

■ An order before judgment denying a motion to withdraw a guilty plea is not appealable, but can be reviewed on an appeal from the judgment. (*People* v. *Francis* (1954) 42 Cal.2d 335, 336 [267 P.2d 8]; *People* v. *Caruso* (1959) 174 Cal.App.2d 624, 630 [345 P.2d 282]; Pen.

Code, § 1237.) ■ Although on such an appeal the merits of the issue of guilt or innocence are not reviewable (*Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 870 [338 P.2d 182]), both before and after the enactment of section 1237.5, the constitutional, jurisdictional and other errors referred to in that section have been reviewed. Particular claims of error that have been considered and that may still be considered include insanity at the time of the plea (*People* v. *Laudermilk* (1967) 67 Cal.2d 272, 282 [61 Cal.Rptr. 644, 431 P.2d 228]), ineffective waiver of constitutional rights (*People* v. *Navarro* (1966) 243 Cal.App.2d 755, 758 [52 Cal.Rptr. 686]), ineffective assistance of counsel (*People* v. *Natividad* (1963) 222 Cal.App.2d 438, 441 [35 Cal.Rptr. 237]), a plea obtained by misrepresentation (*People* v. *Rose* (1959) 171 Cal.App.2d 171, 172 [339 P.2d 954]), or other abuse of discretion in denying a motion to withdraw a guilty plea. (*People* v. *Francis* (1954) 42 Cal.2d 335, 338 [267 P.2d 8]; *People* v. *Griggs* (1941) 17 Cal.2d 621, 624 [110 P.2d 1031]). ■ The impact of section 1237.5 relates to the procedure in perfecting an appeal from a judgment based on a plea of guilty, and not to the grounds upon which such an appeal may be taken.[4]

■ In determining the applicability of section 1237.5, the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made. The argument is made that since a motion to withdraw a guilty plea must of necessity be made after the plea, the ruling on the motion is a result of a "subsequent adversary hearing" within the meaning of *Ward* and *Delles*. Although *Ward* and *Delles* were both based on errors that occurred in proceedings subsequent to the plea, we believe that the determinative factor in each case was the substance of the error being challenged, not the time at which the hearing was conducted. In neither case was the validity of the plea in question. If a defendant challenges the validity of his plea by way of a motion to withdraw the plea, he cannot avoid the requirements of section 1237.5 by labelling the denial of the motion as an error in a proceeding subsequent

---

[4]The only change brought about by section 1237.5 is that the ground upon which the alleged error is based is presented initially to the trial court rather than the appellate court. It has been argued that section 1237.5 is unconstitutional in that it is a violation of due process to put the trial court in the position of determining whether its own actions have given rise to probable cause for appeal. This contention would only be meritorious if the term "probable cause" in section 1237.5 was interpreted as meaning probable ground for reversal of the judgment. Since the trial court cannot properly be put in the position of commenting adversely on its own rulings, the Legislature could not have intended such a meaning. Rather the test that must have been intended to apply is whether the appeal is clearly frivolous and vexatious or whether it involves an honest difference of opinion. (See Review of Selected 1965 Code Legislation, pp. 190-191; Cf., *In re Adams* (1889) 81 Cal. 163, 167 [22 P. 547]; *People* v. *Cox* (1944) 65 Cal.App.2d 712 [151 P.2d 269]; Pen. Code, § 1243.) Application of this test by the trial court would not constitute a violation of due process.

to the plea.[5] To hold otherwise would be to invite such motions as a matter of course, and would be wholly contrary to the purpose of section 1237.5. ■■■ In the instant case, since petitioner is challenging the validity of his plea, he is required to comply with section 1237.5.

### Relief from Default

Even though petitioner has not complied with section 1237.5, the facts of this case raise a substantial question involving the scope of an attorney's duty to assist his client in perfecting an appeal from a judgment upon a plea of guilty.

Where a plea of guilty is not involved, rule 31(a) requires that a notice of appeal be filed within 10 days after rendition of judgment. In cases in which a judgment of conviction was entered upon a plea of guilty, rule 31(d) also requires that a notice of appeal be filed within 10 days after rendition of judgment, but further provides that the appeal shall not be operative unless the defendant files the statement, and the trial court executes and files the certificate of probable cause, required by section 1237.5 of the Penal Code. The defendant must file the statement within 10 days after rendition of judgment, and if filed within such period it shall serve as a notice of appeal if no other notice of appeal has been filed. If a timely notice of appeal has been filed, the trial court may permit the defendant to file his statement beyond the 10-day period, but not later than 40 days after rendition of judgment. It is readily apparent that where a defendant has been convicted upon a plea of guilty, his right to appeal may be dependent on many technical requirements of which he may be unaware.

---

[5]The following amendment, effective January 1, 1970, has been added to rule 31(d): "If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds alleged to have occurred after entry of such plea, the provisions of Section 1237.5 of the Penal Code requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds." For a discussion of the practical problems which necessitated this amendment, see *Davis* v. *Superior Court* (1969) 272 Cal.App.2d 707, 709-710 [77 Cal.Rptr. 779].

However, as evidenced by the facts of the instant case, the amendment to rule 31(d) has not completely solved the problem of determining when section 1237.5 must be complied with. Whenever a notice of appeal states that it is "based solely upon grounds alleged to have occurred after entry of such plea," rule 31(d) requires the clerk to prepare a record after the notice of appeal is filed. On the other hand, when it thereafter appears from the defendant's brief that he is in fact challenging the validity of his plea, he cannot avoid the requirements of section 1237.5 by labelling the denial of a motion to withdraw the plea as an error in a proceeding subsequent to the plea. Accordingly. in such cases the appellate court must dismiss the appeals for noncompliance with section 1237.5, unless relief from default in this respect is granted by the appellate court.

■ Pursuant to rule 31(a), appellate courts have the power to grant relief from default in filing notices of appeal in proper cases. This power is to be liberally construed to protect the right to appeal. (*People* v. *Acosta* (1969) 71 Cal.2d 683, 685 [78 Cal.Rptr. 864, 456 P.2d 136]; *People* v. *Camarillo* (1967) 66 Cal.2d 455, 456 [58 Cal.Rptr. 112, 426 P.2d 512].) ■ "In exercising its power to determine the circumstances which warrant granting a defendant relief from his failure to file a timely notice of appeal [citations] this court has established the following general rules: A defendant is entitled to relief, absent grounds for waiver or estoppel, where he makes a timely request of his trial attorney to file an appeal, thereby placing the attorney under a duty to file it, instruct defendant how to file it, or secure other counsel for him [citations]. . . ." (*People* v. *Acosta, supra*, at p. 687.) The reasons for imposing such a duty on trial counsel have often been stated by this court and they need not be repeated here. (See *People* v. *Acosta, supra*, at p. 685; *People* v. *Camarillo, supra*, at p. 458; *People* v. *Curry* (1965) 62 Cal.2d 207, 209-210 [42 Cal.Rptr. 17, 397 P.2d 1009]; *People* v. *Diehl* (1964) 62 Cal.2d 114, 117 [41 Cal.Rptr. 281, 396 P.2d 697]; *People* v. *Flanagan* (1964) 62 Cal.2d 63, 66 [41 Cal.Rptr. 85, 396 P.2d 389]; *People* v. *Johnson* (1964) 61 Cal.2d 843, 844 [40 Cal.Rptr. 708, 395 P.2d 668]; *People* v. *Tucker* (1964) 61 Cal.2d 828, 832 [40 Cal.Rptr. 609, 395 P.2d 449]; *People* v. *Casillas* (1964) 61 Cal.2d 344, 346 [38 Cal. Rptr. 721, 392 P.2d 521].)

■ The Attorney General has stipulated that within 10 days after imposition of sentence petitioner told his attorney that he wanted to appeal, and that his attorney did not take any action to perfect the appeal. **(11)** The rationale of the above rule granting relief from the failure to file a timely notice of appeal applies with equal force to granting relief from default for the failure to file a timely statement pursuant to section 1237.5, and the appellate court is empowered to grant such relief by rule 45 of the California Rules of Court. When a defendant makes a timely request of his trial attorney to file an appeal from a judgment upon a plea of guilty, the attorney must file the 1237.5 statement, instruct defendant how to file it, or secure other counsel for him.[6]

The Attorney General has argued that to impose such a duty would place the attorney in the frustrating position of "attempting to make a silk purse out of a sow's ear"; that it would be an "often-uncompensated intrusion upon the attorney's time and energies"; and that it would be

---

[6]In the only previous case to have considered this issue, the court assumed that trial counsel would be under a duty to assist the defendant in preparation of a statement pursuant to section 1237.5. (*People* v. *Davis* (1967) 255 Cal.App.2d 907, 909 [64 Cal.Rptr. 1].)

an unreasonable burden in light of the "miniscule chance" that a certificate of probable cause would ever be issued. We find little merit in these arguments when they are weighed against the importance of the right to counsel and the right to appeal. Furthermore, the attorney is not required to assist the defendant in setting forth frivolous contentions. The attorney need only assist him in setting forth the relevant facts necessary to enable the trial court to rule on the issue of probable cause.

The Legislature has conditioned the right to appeal from a plea of guilty upon the filing of the required statement. Advice or assistance of counsel in filing the notice of appeal is meaningless if counsel does not also advise or assist in preparation and filing of the required statement. It follows that counsel's obligation to assist in filing the notice of appeal necessarily encompasses assistance with the statement required by section 1237.5.

 Counsel appointed by this court to represent petitioner in this proceeding is hereby directed to assist petitioner in the preparation of the required statement. The Clerk of the Superior Court of San Mateo County is directed to file such a statement and to treat it as a notice of appeal in the present case if such statement is tendered to him within 10 days after our judgment herein becomes final. If such a statement is filed and the trial court within the time specified by rule 31(d) of the California Rules of Court executes and files a certificate of probable cause, the clerk is directed to proceed with the preparation of the record on appeal.

McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

**PETERS, J.**—I dissent.

In my view compliance with section 1237.5 of the Penal Code is not required where a defendant seeks review of the denial of his motion to withdraw his guilty plea prior to judgment. In holding otherwise, the majority repudiate, without mentioning, the plain language of *People v. Delles*, 69 Cal.2d 906, 910, footnote 1 [73 Cal.Rptr. 389, 447 P.2d 629]. The language is squarely in point and should be adhered to, and even without the language, the holding of the case cannot be reasonably distinguished. The majority's attempt to distinguish *Delles* does violence to the English language and can only cause confusion to the bench and bar.

More importantly, perhaps, the majority have injected uncertainty and complexity into a matter where the procedure should be clear and settled. In *People v. Ward*, 66 Cal.2d 571 [58 Cal.Rptr. 313, 426 P.2d 881],

and *People* v. *Delles, supra,* 69 Cal.2d 906, we established a simple rule to determine whether compliance with section 1237.5 is required, namely, if the appeal related to a trial court determination occurring subsequent to the guilty plea, compliance was not required. This rule was then adopted by an amendment in 1970 to rule 31(d) of the California Rules of Court. Nevertheless the majority today tell us that a defendant who complains of a trial court determination of a motion made subsequent to the guilty plea may, notwithstanding our prior cases and the amendment to rule 31(d), still have his appeal dismissed for noncompliance with section 1237.5 depending upon the grounds of his appeal. In switching from a simple rule of the time of the trial court determination to a complex rule based on the grounds urged, the majority has injected uncertainty into a matter which should be clear and simple, the manner of perfecting an appeal.

## I

Section 1237.5 of the Penal Code provides that no appeal shall be taken from a judgment of conviction upon a plea of guilty or nolo contendere except where the defendant has filed with the trial court a written statement showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings and where the trial court has executed and filed a certificate of probable cause for such appeal.

Rule 31(d) of the California Rules of Court provides in part that an appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere shall not be operative unless the defendant files the statement and the trial court files the certificate of probable cause required by section 1237.5, that the defendant's statement shall be filed within 10 days after rendition of judgment, that where a notice of appeal is filed the court may accept the statement within 40 days of judgment, and that the trial court should execute and file within 60 days of the rendition of judgment either the certificate of probable cause or an order denying the certificate.[1]

In *People* v. *Ward, supra,* 66 Cal.2d 571, 574 et seq., we held that compliance with section 1237.5 of the Penal Code was not required where the defendant, who had pleaded guilty to a charge of murder, asserted errors in the subsequent adversary hearings conducted by the trial court for the purpose of determining the degree of the crime and the penalty to be imposed. We reasoned that the primary purpose of section 1237.5 was "to prevent frivolous appeals challenging the validity of guilty pleas," that in cases arising prior to the enactment of section 1237.5 an appeal

---

[1]The 1970 amendment to rule 31(d) will be set forth and discussed hereinafter.

from a guilty plea was limited to fundamental errors where *there was no subsequent hearing* while the scope of an appeal after a guilty plea where hearings on degree or punishment were held extended to such matters as sufficiency of evidence and errors in the admission of evidence, and that the right of appeal should not be limited where the appeal relates to subsequent hearings on degree or punishment or where prior to the enactment of section 1237.5 the scope of appeal extended to matters other than fundamental errors such as lack of jurisdiction.

We followed *Ward* in *People* v. *Delles, supra,* 69 Cal.2d 906, 909-910, where the defendant pursuant to a bargain pleaded guilty and was granted probation. The trial court subsequently revoked probation and sentenced him to prison on the basis of acts committed prior to the grant of probation, and we held that compliance with section 1237.5 was not required as a condition of appeal *because the defendant was not claiming that his guilty plea was invalid but that the court erred in proceedings subsequent to the plea.*

In *Delles,* we specifically dealt with the necessity of compliance with section 1237.5 where, as in the instant case, a defendant seeks review of a motion to withdraw a plea of guilty. We disapproved *People* v. *Coley,* 257 Cal.App.2d 787, 791-792, 800-801 [65 Cal.Rptr. 559], insofar "as it may suggest a contrary conclusion regarding the applicability of section 1237.5 to the facts of this case," and in a footnote pointed out that the statement in that case that compliance with section 1237.5 was necessary to review the denial of the motion to withdraw a guilty plea was dictum. (69 Cal.2d at p. 910, fn. 1.) We went on in the footnote to reason: "Both in *Coley* and in the instant case the defendant appealed from a judgment sentencing him to prison contrary to the terms of a plea bargain. In both cases the defendant moved to withdraw his guilty plea when it became apparent that an unexpected sentence was about to be imposed. *Whether the defendant challenges the denial of his motion to withdraw his guilty plea, as in Coley, or the subsequent imposition of sentence contrary to the guilty plea, as in the instant case, he is complaining of the same essential unfairness . . . and the two situations should be treated the same.* In neither case does the defendant claim that his guilty plea is invalid; in both cases he 'claims . . . that errors occurred in the proceedings held subsequent to the plea for the purpose of determining . . . the penalty to be imposed.' (*People* v. *Ward, supra,* 66 Cal.2d 571, 574.) Therefore, in neither case is section 1237.5 applicable." (69 Cal.2d at p. 910, fn. 1, italics added.)

Petitioner has brought himself squarely within the *Delles* footnote. His motion to withdraw his guilty plea was based on the penalty proceedings

which occurred, of course, after the plea. He is claiming that his guilty plea should be set aside in the light of the subsequent penalty proceedings. Had petitioner been committed to a narcotics hospital, he would not be in a position to claim that his plea was obtained as a result of a misrepresentation, and this ground for withdrawal of the guilty plea would not be material. As in *Delles,* petitioner is claiming that " 'errors occurred in the proceedings held subsequent to the plea for the purpose of determining . . . the penalty to be imposed.' " (69 Cal.2d at p. 910, fn. 1.) Accordingly, under *Delles* he was not required to comply with section 1237.5, and he should be permitted a belated appeal.

In attempting to distinguish *Delles,* the majority tell us that "the validity of the plea [was not] in question." But in the instant case, the majority say, the defendant is challenging the validity of the plea. In both cases, the defendant is arguing that he pleaded guilty because he understood there would be a specific disposition. If the defendant is entitled to relief in either case, the relief would be the same, to either impose judgment in accordance with the defendant's understanding or to permit him to withdraw the plea. We so ordered in *Delles* (69 Cal.2d at p. 911), and if on the appeal it were concluded that the court abused its discretion in denying the motion to withdraw the guilty plea, the same order would be appropriate here.

To distinguish the situations on the basis that in one case the defendant is challenging the "validity" of his plea but in the other he is *not* challenging "validity" requires, in the colorful language of Justice Schauer, "a perception as keen as the eyesight attributed to Lewis Carroll's character Alice, who in her adventures *Through The Looking Glass,* when asked by the King whether she could see anybody coming down the road, replied that she could see *nobody* and was immediately congratulated upon her eyesight by the King, who said: "I only wish I had such eyes. . . . To be able to see Nobody! And at that distance too! Why, it's as much as I can do to see real people, by this light!' (Lewis Carroll's *Through the Looking Glass* (Rand McNally, 1932 ed.) p. 194.)" (Italics and omissions in the original.) (*Medical Finance Assn.* v. *Allum* (1937) 22 Cal. App.2d Supp. 747, 754 [66 P.2d 761].)[2]

---

[2]If there were any basis for differentiating between *Delles* and the instant case as to challenging the "validity" of the guilty plea the majority have differentiated in the wrong manner. A guilty plea based on a plea bargain with prosecuting officials, as in *Delles,* may be set aside by writ of error *coram nobis;* whereas the plea may not be set aside after judgment in the absence of substantial corroboration by prosecuting officials. (*People* v. *Reeves,* 64 Cal.2d 766, 776-777 [51 Cal.Rptr. 691, 415 P.2d 35]; *People* v. *Wadkins,* 63 Cal.2d 110, 112 et seq. [45 Cal.Rptr. 173, 403 P.2d 429].)

Accordingly, if either case is to be characterized as one where the defendant is challenging the "validity" of a guilty plea, it is not the present one but *Delles* where the defendant is entitled not only to relief on appeal but also to post-judgment relief.

The majority also seek to distinguish *Delles* on the ground that there a plea bargain with prosecuting officials was claimed, whereas in the instant case plaintiff only claims he was misled by his attorney. This distinction, if sound, relates to the merits of the appeal and not to the manner of appeal. In *Delles,* because of the plea bargain shown by the record, we were able to determine that the trial court abused its discretion in denying leave to withdraw the guilty plea. In the instant case, the entire record is not before us; we have only a brief statement of the proceedings in the trial court; and we do not know whether there was an abuse of discretion. In both cases the general rules relating to the merits are the same. In both cases, the basis for permitting withdrawal of the guilty plea is an abuse of discretion in the light of section 1018 of the Penal Code.[3]

---

[3]Section 1018 of the Penal Code provides in part: ". . . On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . .
"*This section shall be liberally construed to effect those objects and to promote justice.*" (Italics added.)
This court has repeatedly pointed out that the legislative direction of liberal construction in section 1018 of the Penal Code expressly enjoins upon the court "liberality in permitting a withdrawal of a plea of guilty before judgment . . . ." (*People* v. *Francis,* 42 Cal.2d 335, 338 [267 P.2d 8]; *People* v. *Griggs,* 17 Cal.2d 621, 624 [110 P.2d 1031]; *People* v. *Miller,* 114 Cal. 10, 16 [45 P. 986].)
Most jurisdictions, in accordance with the view expressed above, hold that an application to withdraw a guilty plea should be freely allowed where made before judgment. (22 C.J.S. § 421 (4), pp. 1154-1155.) This also is the federal view. (E.g., *United States* v. *Stayton* (3d Cir. 1969) 408 F.2d 559, 560 et seq.; *Kadwell* v. *United States* (9th Cir. 1963) 315 F.2d 667, 670.) A few jurisdictions have gone further and held that in the absence of special circumstances a guilty plea may be withdrawn as a matter of right at any time prior to judgment. (*McCrary* v. *State* (1960) 215 Ga. 887 [114 S.E.2d 133, 136]; *People* v. *Case* (1954) 340 Mich. 526 [65 N.W.2d 803, 805]; *People* v. *Anderson* (1948) 321 Mich. 533 [33 N.W.2d 72, 73-74].)
As Justice Peek succinctly put the matter, "the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice would be subserved by permitting the defendant to plead not guilty instead; and it has been held that the least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of plea from guilty to not guilty. [Citations.] 'The law seeks no unfair advantage over a defendant, but is watchful to see that the proceedings . . . shall be fairly and impartially conducted.' (*People* v. *Schwarz,* 201 Cal. 309 [267 P. 71].) [¶] . . . No possible harm could have resulted or can result to the State by allowing him to withdraw his plea of guilty and substitute a plea of not guilty. If he is innocent of the charge, as he has maintained, he ought to have a fair opportunity for a defense; otherwise, he would, under the ruling complained of, suffer a great wrong. If he is guilty, the law may still be vindicated, and the State will have an opportunity to establish that guilt under a plea of not guilty. [Citations.]" (*People* v. *McGarvy,* 61 Cal.App.2d 557, 564 [142 P.2d 92]; *People* v. *Singh,* 156 Cal.App.2d 363, 366 [319 P.2d 697]; *People* v. *Young,* 138 Cal.App.2d 425, 426-427 [291 P.2d 980]; see also *People* v. *Wadkins, supra,* 63 Cal.2d 110, 114; *People* v. *Campos,* 3 Cal.2d 15, 17 [43 P.2d 274].)
The crucial question upon appeal after denial of a motion to withdraw a guilty plea is whether the trial court in denying the motion has abused its discretion, in view of

It would be absurd to hold that one method of perfecting an appeal is to be followed if the appeal is meritorious and another where the appeal lacks merit or is of questionable merit. Yet that is what the majority are doing when they make the necessity of compliance with section 1237.5 depend, not on the time of the court's ruling, but on the facts urged in opposition to the trial court's ruling. In determining the steps requisite to perfecting an appeal, an attorney should be permitted to look at the ruling he wishes to question, and should not be required to evaluate the merits to determine what steps he must take to perfect the appeal.

The majority also state that to hold that a defendant may avoid the requirements of section 1237.5 by moving to withdraw his plea "would be to invite such motions as a matter of course, . . ." (*Ante,* p. 64.) I do not believe that defendants who plead guilty are trying to obstruct the course of justice or that there is any substantial danger that large numbers of defendants who have pleaded guilty are *prior to judgment* contemplating methods to avoid the requirements of section 1237.5 with regard to appeals. Most such defendants are not seeking to obstruct judicial processes or they would not have pleaded guilty. A defendant who has pleaded guilty and then prior to judgment seeks to withdraw his plea is ordinarily doing so, not to obtain a procedural advantage with respect to the perfection of an appeal, but to have the trial court permit withdrawal of the guilty plea. A motion to withdraw a guilty plea is properly addressed to the trial court, and where a defendant seeks to withdraw his plea prior to judgment on what he believes to be valid grounds, he should be encouraged to present the matter directly and forthwith to the trial court. It seems unrealistic to me to suggest that defendants who have pleaded guilty will present such motions prior to judgment for purposes of avoiding the requirements of section 1237.5 with respect to an appeal. They are unlikely to consider an appeal and its procedural requirements until after judgment.

## II

Rule 31(d) of the California Rules of Court was amended effective January 1, 1970, to establish the basic rule that the necessity of compliance with section 1237.5 should depend upon whether the appeal relates to matters occurring after the guilty plea. The amendment reads: "If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds alleged to have occurred

the statutory rule enjoining upon it liberality in permitting a withdrawal of a plea of guilty before judgment. A number of factors may bear upon this question of abuse of discretion, and certainly misrepresentation by defense counsel as to the sentence is an important factor to be considered.

after entry of such plea, the provisions of Section 1237.5 of the Penal Code requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, . . ."

Thus the Rules of Court adopted the rule established by *Ward* and *Delles* that compliance with section 1237.5 was not required where the appeal related to a trial court determination occurring subsequent to the guilty plea. This is a simple rule to follow by an attorney who seeks to perfect an appeal. He looks to the trial court determination which he seeks to question and, if it occurred subsequent to the plea, he need not comply with section 1237.5.

In procedural matters, such as perfection of an appeal, it is of great importance that the law be clear and the procedure simple. Otherwise, there is grave danger that the just cause will be defeated by procedural technicalities and that it will be more important for the client to have an attorney with the proper writ than to have a meritorious cause of action.

Yet the majority repudiate the simple rule established by *Ward* and *Delles* in favor of a complex rule which looks, not to the time of the ruling questioned, but to the substance of the ruling. This is unfortunate because a litigant whose attorney consults the Rules of Court may proceed to file a notice of appeal without complying with section 1237.5, but in accordance with the Rules of Court, and then he will subsequently find that he is attacking "validity" in the majority's view and should have complied with section 1237.5. Usually he will learn of his default after the 40 days for filing the statement have expired.[4] I see no substantial reason to establish such traps for the unwary, to complicate the method for perfecting appeals, or to impose requirements in addition to those set forth in the Rules of Court.

I would permit a belated appeal without compliance with section 1237.5 of the Penal Code.

---

[4]The majority suggest that the appellate court may grant relief from default in this respect, but set forth no guidelines as to when such relief should be granted. (*Ante*, p. 64, fn. 5.)