Filed 8/1/14  P. v. Haney CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOHNNY HANEY,<br><br>　　　　Defendant and Appellant. | B251838<br><br>(Los Angeles County<br>Super. Ct. No. LA073104) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Jesic, Judge.  Dismissed.

　　　　Jonathan B. Steiner and Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

Defendant, Johnny Haney, pled no contest to methamphetamine possession. (Health & Saf. Code, § 11377, subd. (a).) He had previously been convicted of a serious felony. He was sentenced to 8 years in state prison. Defendant purports to appeal from the judgment. We dismiss the appeal.

We appointed counsel to represent defendant on this appeal. After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested that this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On May 30, 2014, we advised defendant he had 30 days within which to personally submit any contentions or arguments he wished us to consider. No response has been received. We have examined the entire record and are satisfied appointed appellate counsel have fully complied with their responsibilities.

Defendant purported to appeal on certificate and noncertificate issues. On October 2, 2013, defendant filed a notice of appeal stating, "This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)" (See *People v. Maultsby* (2012) 53 Cal.4th 296, 298-299; *People v Johnson* (2009) 47 Cal.4th 668, 677.) Defendant's notice of appeal also stated, "This appeal challenges the validity of the plea or admission." Defendant's request for a probable cause certificate (Pen. Code, § 1237.5) was denied. Defendant's probable cause certificate request stated: ". . . I . . . feel that I was misrepresented by my then attorney Mrs. Jennifer Hawkins with the public defender[']s office. [¶] I feel I could have received a lesser sentence in this case if my then attorney would have reviewed my case more thoroughly and made certain issues known to the judge and D.A." On October 28, 2013, this court filed an order stating: "The request for a certificate of probable cause was denied. Unless it is shown that the appeal . . . is from an appealable order, the appeal will be dismissed."

Our Supreme Court has explained: "[W]hen a defendant pleads guilty or no contest and is convicted without a trial, only limited issues are cognizable on appeal. A

guilty plea admits every element of the charged offense and constitutes a conviction (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1177-1178 (*Hoffard*); *People v. Laudermilk* (1967) 67 Cal.2d 272, 281), and consequently issues that concern the determination of guilt or innocence are not cognizable. (*Hoffard, supra,* 10 Cal.4th at p. 1178; *People v. Ribero* (1971) 4 Cal.3d 55, 63 (*Ribero*).) Instead, appellate review is limited to issues that concern the 'jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea.' (*Hoffard, supra,* 10 Cal.4th at p. 1178; see *People v. Kaanehe* (1977) 19 Cal.3d 1, 9; *Ribero, supra,* 4 Cal.3d at p. 63.)" (*In re Chavez* (2003) 30 Cal.4th 643, 649, fn. omitted; accord, *People v. Maultsby, supra,* 53 Cal.4th at pp. 302-303; *People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1186-1187; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) "[T]he crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." (*People v. Ribero, supra,* 4 Cal.3d at p. 63; accord, *People v. French* (2008) 43 Cal.4th 36, 44; *People v. Buttram* (2003) 30 Cal.4th 773, 781-782; *People v. Zuniga, supra,* 225 Cal.App.4th at p. 1183.)

Defendant has raised no issue cognizable on his appeal. An ineffective assistance of counsel claim is not cognizable on appeal from a no contest plea where, as here, it is predicated on error that occurred in proceedings held prior to the plea. (*People v. Richardson* (2007) 156 Cal.App.4th 574, 596; *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245.) Accordingly, the appeal must be dismissed. (Pen. Code, § 1237.5; *People v. Richardson, supra,* 156 Cal.App.4th at pp. 596-597; *People v. Stubbs, supra,* 61 Cal.App.4th at p. 245.)

3

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

MOSK, J.

MINK, J.[*]

_____

[*] Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4