Filed 5/4/23  P. v. Griffin CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY JOHN GRIFFIN,<br><br>Defendant and Appellant. | 2d Crim. B317141<br>(Super. Ct. Nos. 2020030101,<br>2021016595)<br>(Ventura County) |

Anthony John Griffin was charged in case No. 2020030101 with two counts of driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) with a prior similar conviction (Pen. Code, § 666.5, subd. (a)),[1] and two counts of receiving stolen property, i.e., a motor vehicle (§ 496d, subd. (a)). Griffin also was charged with misdemeanor counts of giving false information to a police officer (§ 148.9, subd. (a)) and possessing drug paraphernalia

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

(Health & Saf. Code, § 11364, subd. (a)).  A 2016 conviction for dissuading a victim or witness was alleged as a prior "strike." (§§ 667, 1170.12.)  Griffin pled not guilty and denied all special allegations.

Griffin moved for mental health pretrial diversion pursuant to section 1001.36.  The trial court released Griffin to a residential treatment program for further mental health evaluation.

Approximately two months later, the trial court found that Griffin was an "eligible candidate" for mental health pretrial diversion and "tentative[ly]" granted diversion.  A court date was set for Griffin to appear for mental health diversion sentencing.

When Griffin failed to appear for sentencing, the trial court issued a bench warrant, set bail at $60,000 and determined Griffin was *not* a suitable candidate for mental health pretrial diversion.

In the meantime, Griffin absconded from the residential treatment program and committed a new offense.  He was found asleep in the driver's seat of an automobile that had been reported stolen and was charged with receiving stolen property (§ 496d, subd. (a)) in case No. 2021016595.  It was alleged that Griffin had suffered a prior Three Strikes conviction (§§ 667, 1170.12) and a previous felony conviction for driving or taking a vehicle without consent (§ 666.5, subd. (a); Veh. Code, § 10851, subd. (a)).  It was further alleged that Griffin committed the offense while released from custody on his own recognizance in case No. 2020030101.  (§ 12022.1, subd, (b).)[2]

---

[2] Section 12022.1, subdivision (b) provides:  "Any person arrested for a secondary offense that was alleged to have been committed while that person was released from custody on a

2

After waiving his further trial rights, Griffin pled guilty to the automobile taking and misdemeanor charges in the initial case and the receiving charge in the second case. He also admitted the prior "strike," prior automobile theft and section 12022.1 enhancement allegations.

After denying Griffin's *Marsden*[3] motion, the trial court struck the "strike" in both cases and designated the receiving charge in the second case as the principal term. It imposed the lower term of two years *plus* another two years for the section 12022.1 enhancement. On the two felony counts in the initial case, the court imposed consecutive sentences of one year for each of the theft offenses, for a total prison term of six years. On the two misdemeanor counts, the court imposed 90-day jail sentences to run concurrently with the prison term.

Griffin filed a notice of appeal with a certificate of probable cause signed by the trial judge.[4] In requesting the certificate, appellant stated: "The reasonable constitutional, jurisdictional, or other grounds going to the legality of the guilty plea, no-contest plea, or probation violation admission proceeding are . . . : [¶] Denial of Oral Motion to Withdraw the Plea. (*People v. Ribero* (1971) 4 Cal.3d 55.)"

---

primary offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court."

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

[4] On January 3, 2022, we granted Griffin's unopposed motion requesting relief from default due to the untimely filing of his notice of appeal. (*In re Benoit* (1973) 10 Cal.3d 72.)

REQUEST FOR WENDE REVIEW

We appointed counsel to represent Griffin in this appeal. Griffin's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). In that brief, counsel stated he could not identify any arguable issues for reversal on appeal and requested that we review the record for error as mandated by *Wende*.

Griffin filed a two-page handwritten supplemental brief challenging the imposition of the two-year section 12022.1 enhancement. He contends the statute does not apply to him because he was not released "on bail" or "on his . . . own recognizance" at the time he reoffended.

As part of our *Wende* review, we solicited supplemental briefing from the parties' counsel on this arguable issue. We noted that "the defendant in *People v. Ormiston* (2003) 105 Cal.App.4th 676, was on diversion when he reoffended. Recognizing that diversion and release on bail or own recognizance are 'governed by distinct standards,' the Court of Appeal 'conclude[d] that for purposes of section 12022.1, an order of diversion under the deferred judgment statutes is neither a "release" on bail or OR [own recognizance] nor the functional equivalent of it, and [thus] the enhancement findings are not supported by the evidence.' (*Ormiston*, at pp, 690-692; see *People v. Hernandez* (2009) 177 Cal.App.4th 1182, 1190-1192.)"

DISCUSSION

Griffin's appointed counsel and the Attorney General submitted responsive briefs. The Attorney General contends *Ormiston* is distinguishable because it involved drug diversion (§ 1000 et seq.) as opposed to mental health diversion (§ 1001.36). Griffin's counsel persuasively argues the two types of pretrial

diversion should be treated in the same manner, but fails to show that Griffin was actually on mental health pretrial diversion at the time he reoffended.  As the Attorney General points out, the trial court found that Griffin was an eligible candidate for mental health pretrial diversion and tentatively granted diversion, but Griffin then failed to appear at the pretrial diversion sentencing hearing.  Instead, he absconded from the treatment program and committed a new offense.  Since there is no evidence Griffin was out of custody on a grant of pretrial diversion at that time, he was properly sentenced to the two-year section 12022.1 enhancement.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.



GILBERT, P.J.


We concur:


YEGAN, J.


BALTODANO, J.

Bruce A. Young, Judge
Superior Court County of Ventura
_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General and Blake Armstrong, Deputy Attorney General, for Plaintiff and Respondent.