[Crim. No. 12072.   Second Dist., Div. One.   Mar. 30, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. MICHAEL
RODRIGUEZ PARGA, Defendant and Appellant.

Frank Duncan for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and William E. James,
Assistant Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—On October 1, 1963, defendant pleaded
guilty to violating section 459 of the Penal Code (burglary),
and the court made an order in part as follows: ''Proceedings
suspended. Three years probation the first year in County Jail
CONCURRENT with case 258188.''

About two years thereafter (November 24, 1965) the court
made an order revoking probation, and a bench warrant was

issued. On December 6, 1965, a probation officer's supplemental report was ordered, the order revoking probation was vacated, and further proceedings were continued to December 29, 1965.

On December 29, 1965, with counsel for the parties present, there was a hearing and the court entered a judgment which provides in part as follows: "Found in violation of probation. Probation revoked. Notified of provisions of 1203.4a Penal Code. . . . Whereas the said defendant having duly pleaded guilty in this court of the crime of BURGLARY (Sec. 459 PC), of the second degree, a felony . . . IT IS THEREFORE ORDERED . . . that . . . defendant be punished by imprisonment in the County Jail . . . for the term of one year."

Appellant contends that the court did not comply with section 1200 of the Penal Code in that "At no time during the hearing on the violation of probation did the court ask the defendant whether he had any legal cause to show why the judgment should not be pronounced against him."

Section 1200 of the Penal Code provides in part that when the defendant appears for judgment he must be asked whether he has any legal cause to show why judgment should not be pronounced against him.

"Omission of the inquiry as to legal cause required by Penal Code section 1200 is fatal to the judgment if the defendant has been deprived of counsel on the occasion of sentencing. [Citations.] If the defendant is represented by counsel or has made an effective waiver, omission of the inquiry is only an error of law, not necessarily prejudicial." (*In re Grayson*, 242 Cal.App.2d 110, 114 [51 Cal.Rptr. 145]. See *People* v. *Thomas*, 45 Cal.2d 433, 438 [290 P.2d 491]; Witkin, Cal. Criminal Procedure (1963) Judgment and Attack in Trial Court, § 607, p. 601.) "In some states this 'right of allocution' has been abandoned as a useless ceremony." (Witkin, Cal. Criminal Procedure, *supra,* p. 600; see 113 A.L.R. 834), and it has been said that allocution has "no application to a sentence pronounced upon a plea of guilty." (See 113 A.L.R. 834.)

In the present case, where defendant pleaded guilty, where he was represented by counsel when he was sentenced, and where he "does not suggest any facts which would have in any way affected the disposition of the case had the trial judge made this inquiry" (*People* v. *Rocha*, 130 Cal.App.2d 656, 663 [279 P.2d 836]), it was not reversible error for the

judge to omit inquiry as to whether there was any legal cause why judgment should not be pronounced against defendant.

Affirmance of the judgment is affirmance of the sentence. The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.