[Crim. Nos. 8757, 8928. First Dist., Div. Four. Mar. 26, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
SCHICK CHEW, Defendant and Appellant.

(Two Cases.)

## COUNSEL

Norman Lew, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Sanford Svetcov, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RATTIGAN, J.**—Defendant Schick Chew appears in this court (1) on direct appeal from a judgment convicting him of a felony upon his plea of guilty, and (2) as petitioner in a *coram nobis* proceeding in which he challenges the validity of the plea.

An information filed in the superior court on May 24, 1965, charged defendant and two other persons with possession of a narcotic (codeine) in violation of Health and Safety Code section 11500. He moved to set aside the information pursuant to Penal Code section 995; this motion having been denied on July 2, 1965, he entered a plea of not guilty to the charge on that date. On July 16, with the trial court's permission, he withdrew the plea, entered a plea of guilty, and was arraigned for judgment. Upon petition by the district attorney alleging him to be a narcotics addict pursuant to former Penal Code section 6451 (which was then in effect; see present Welf. & Inst. Code, § 3051), defendant was committed to the California Rehabilitation Center (hereinafter "CRC") on November 10, 1965. He was represented by the public defender at all pertinent times during the foregoing proceedings.

He was thereafter released from the CRC twice and returned each time, for using narcotics. He was released for the third time in December 1968, "absconded" in April 1969, and was arrested as a parole violator. He was arraigned for judgment on January 26, 1970, at which time he was again represented by the public defender. On that date, the CRC having recommended that he be confined in a regular facility of the Department of Corrections, the trial court sentenced defendant to state prison on the original charge (and "on his plea of guilty" thereto, entered July 16, 1965) of possession of codeine.

Defendant did not move the trial court, at any time, for leave to withdraw the guilty plea entered in 1965. On his direct appeal (1 Crim. 8757), which is from the judgment of conviction entered in 1970, he does not challenge the validity of the 1965 plea; his sole claim of error thereon is that the trial court did not "properly advise and arraign" him prior to pronouncing judgment in 1970. By his *coram nobis* petition, however, which he filed in this court during the pendency of the direct appeal,[1] he unmistakably attacked the validity of the 1965 plea upon grounds that he had a valid defense to

---

[1] The petition, and supporting documents, were filed on April 24, 1970, in the direct appeal. We thereafter determined that it was a separate proceeding, ordered it "refiled as 1/Criminal 8928, *People* v. *Chew, nunc pro tunc* as of April 24, 1970," and appointed counsel to represent him in both proceedings. We subsequently ordered them consolidated for purposes of the present disposition of each.

the original charge but could not make it known due to his inability to speak English adequately and, generally, that he was falsely induced to enter the plea by reason of ignorance and misunderstanding on his part and misrepresentations made to him by counsel.

Although defendant was convicted upon his plea of guilty, he did not seek—and the trial court did not issue—a certificate of probable cause for the direct appeal pursuant to Penal Code section 1237.5.[2] We have concluded that we may consider and determine the appeal notwithstanding this omission, but that it precludes defendant's ancillary *coram nobis* attack upon the plea.

On the direct appeal (as we have seen), defendant challenges only the validity of proceedings conducted subsequent to the entry of his guilty plea in 1965; he does not thereon attack the validity of the plea itself; and, since he did not move the trial court for leave to withdraw the plea, he does not make any contentions on the appeal involving an erroneous denial of such motion. Under these circumstances, we may consider and dispose of the appeal despite defendant's noncompliance with Penal Code section 1237.5. (*People* v. *Ribero* (1971) 4 Cal.3d 55, 61, 63-64 [92 Cal.Rptr. 692, 480 P.2d 308]; *People* v. *Delles* (1968) 69 Cal.2d 906, 909-910 [73 Cal.Rptr. 389, 447 P.2d 629]; *People* v. *Ward* (1967) 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881].)

The *Ribero* court further stated, however, that "[i]f a defendant challenges the validity of his [guilty] plea by way of a motion to withdraw the plea, he cannot avoid the requirements of section 1237.5 by labelling the denial of the motion as an error in a proceeding subsequent to the plea" (*People* v. *Ribero, supra*, at p. 63 [footnote omitted]) and, more pertinent here, that ". . . since . . . [defendant] . . . is challenging the validity of his guilty plea, he is required to comply with section 1237.5." (*Id.*, at p. 64.) As we interpret the first-quoted statement, it means that a defendant convicted upon a guilty plea cannot challenge its validity, when he has taken an appeal without complying with section 1237.5, by "labelling" the challenge as a *coram nobis* point, in this court, while the appeal is pending here; the second-quoted *Ribero* statement supports this conclusion categorically. As defendant did not comply with section 1237.5 in the present case, he cannot attack his 1965 guilty plea in a *coram nobis*

[2]"1237.5. No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:
"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and
"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

proceeding following his direct appeal. His *coram nobis* petition must accordingly be dismissed upon the court's own motion: we hereinafter so order.

■ This leaves for disposition only the direct appeal itself. Defendant contends thereon, generally, that the trial court, pronouncing judgment on January 26, 1970, violated Penal Code section 1200 by not asking him (defendant) if he had legal cause to show why judgment should not be pronounced against him;[3] specifically, he claims that the court should have informed him that he was about to be sentenced to prison and not returned to the CRC. ■ The so-called "allocution" required by section 1200, however, is a formal inquiry to be addressed in terms of the statute (*People* v. *Cross* (1963) 213 Cal.App.2d 678, 681 [28 Cal.Rptr. 918]) and, because it is a formality only (see *People* v. *Parga* (1967) 249 Cal. App.2d 820, 821 [57 Cal.Rptr. 829] [quoting Witkin, Cal. Criminal Procedure (1963) § 607, p. 600]), it need not include the details for which defendant argues here. ■ The trial court did not literally deliver an "allocution" when it pronounced judgment, but such omission is not fatal where, as is clearly the case here, the defendant is present and represented by counsel and no prejudice appears. (*People* v. *Thomas* (1955) 45 Cal.2d 433, 438 [290 P.2d 491]; *People* v. *Parga, supra*; *In re Grayson* (1966) 242 Cal.App.2d 110, 114 [51 Cal.Rptr. 145].) Defendant's argument on the direct appeal is therefore without merit.

In 1 Crim. 8928, the petition for writ of error *coram nobis* is dismissed. In 1 Crim. 8757, the judgment of conviction is affirmed.

Devine, P. J., and Christian, J., concurred.

---

[3]Penal Code section 1200 provides as follows: "When the defendant appears for judgment he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him and of his plea, and the verdict, if any thereon, and *must be asked whether he has any legal cause to show why judgment should not be pronounced against him.*" (Italics added.)