[Crim. No. 2290. Fifth Dist. July 6, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
ROY TONY SANTOS, Defendant and Appellant.

Counsel

Richard D. Clyde, under appointment by the Court of Appeal, and Arthur C. Chambers for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel E. Carey and Gregory W. Baugher, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

KEANE, J.*—By an information dated August 20, 1974, appellant was charged with a felony violation of Health and Safety Code section 11352:

*Assigned by the Chairman of the Judicial Council.

sale of heroin. On August 21, 1974, appellant was arraigned and private counsel William A. Hill was appointed to represent him. On August 23, 1974, appellant pleaded not guilty to the crimes charged and dates were set for both pretrial conference and trial. On February 4, 1975, during a pretrial conference, Attorney Hill was relieved as counsel and the public defender was substituted. On the same day the prosecution offered a plea bargain whereby the information would be amended to charge a violation of Health and Safety Code section 11350, possession of heroin, and would not allege any priors. Defense counsel agreed to the bargain subject to the condition that any sentence would run concurrently with another sentence appellant was then serving. As so resolved, the plea bargain was granted on motion. Appellant's not guilty plea was then withdrawn and he pleaded guilty to violation of Health and Safety Code section 11350: possession of heroin. Judgment was filed February 5, 1975.

On February 11, 1975, appellant, acting in propria persona, filed a handwritten notice of appeal pursuant to Penal Code sections 1237 and 1237.5. Appellant was informed that his notice of appeal could not be marked received until accompanied by a written statement, under oath, setting forth reasonable grounds of appeal. On February 14, 1975, appellant supplied such a handwritten statement accompanied by a short typewritten statement of facts alleging an improper police lineup. A second notice of appeal was filed February 25, 1975, wherein appellant included an affidavit requesting that counsel be appointed to assist him in preparing his appeal. On March 3, 1975, the superior court, pursuant to Penal Code section 1237.5, denied a certificate of probable cause for appeal.

On March 14, 1975, appellant in propria persona filed a handwritten "Motion for Leave to File Statements of Error" (which in substance is a notice of appeal) alleging post-judgment error. The same day the clerk for the superior court filed a notice of appeal.

On July 25, 1975, Royce Wayne Stevens, a police informant who was in custody on charges of grand theft and narcotics paraphernalia, volunteered to police officers to make a buy of heroin. Stevens was then taken by police officers to the Frontier Club in Porterville. He was given a marked $10 bill by a police officer named Richhart. Stevens then met the appellant at the front of the club and with the $10 purchased a small yellow balloon containing about .1 gram of heroin. Stevens then returned to the back of the club and gave the balloon to Officer Richhart. Stevens

identified appellant as the man he had purchased the heroin from, and appellant was immediately arrested and searched. The marked $10 bill was found on his person.

The appeal is on two grounds: first, that appellant was denied effective assistance of counsel since new counsel was appointed without his consent just prior to his plea of guilty, and second, that it was prejudicial error to sentence appellant without prior referral to the probation officer in the absence of a personal waiver of such referral by appellant.

The initial problem, however, is whether this court may at all consider the merits of the appeal absent issuance of a certificate of probable cause pursuant to Penal Code section 1237.5.

We first note that the second ground for appeal, sentencing without referral to the probation officer and without waiver thereof by the appellant, attacks a proceeding occurring after entry of the guilty plea and does not challenge validity of the plea itself. █ Courts have held section 1237.5 not applicable in a number of situations where a defendant seeks to appeal following a plea of guilty but does not attack the validity of the plea. (See cases cited in *People* v. *Ribero* (1971) 4 Cal.3d 55, 61, fn. 3 [92 Cal.Rptr. 692, 480 P.2d 308].) A defendant is not required to comply with the provisions of Penal Code section 1237.5 when he asserts only that errors occurred in proceedings held subsequent to this guilty plea. (*People* v. *Ward* (1967) 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881]; *People* v. *Delles* (1968) 69 Cal.2d 906, 909 [73 Cal.Rptr. 389, 447 P.2d 629]; *People* v. *Ribero, supra,* 4 Cal.3d at p. 61.) It is clear that in the case at bench the merits of the second ground of appeal may and must be considered by this court.

█ It is equally clear, however, that under ordinary circumstances, appellant's first ground of appeal which challenges validity of his guilty plea cannot be considered on appeal without compliance with Penal Code section 1237.5. However, appellant contends he was denied the effective assistance of counsel in his attempt to procure the certificate of probable cause. At the time of his plea and thereafter appellant was represented by the public defender. Appellant, in a letter to the trial judge indicated he had attempted to secure assistance from the public defender but that assistance had not been forthcoming.

In *People* v. *Davis* (1967) 255 Cal.App.2d 907, 909 [64 Cal.Rptr. 1], the court assumed trial counsel had a duty to assist a defendant in the

preparation of the statement required to procure the certificate of probable cause under Penal Code section 1237.5. (See *People v. Ribero, supra,* 4 Cal.3d at p. 65, fn. 6.)

. Both parties, coming to differing conclusions, cite and rely upon *Douglas v. California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814] and *Ross v. Moffitt* (1974) 417 U.S. 600 [41 L.Ed.2d 341, 94 S.Ct. 2437]. In *Douglas,* the Supreme Court held indigent appellants were denied equal protection of the laws unless appointed counsel were provided to assist in preparation of an initial appeal provided as a matter of right. On the other hand, *Ross* held it was not a denial of a constitutional right to refuse appointment of counsel to assist in a discretionary appeal after an initial appeal where counsel had been provided in such initial appeal. The instant case actually involves a third situation—an initial but discretionary appeal with the discretion vested in the trial court by its denial or grant of a certificate of probable cause. The true distinction between *Douglas* and *Ross* is not one between a discretionary appeal and one that is a matter of right—rather, the distinction is between an initial appeal and a secondary appeal. The secondary appeal (as in *Ross*) provides a reviewing court with the briefs submitted to the intermediate court by counsel and the opinion of the intermediate court; hence, lack of assistance of counsel is less crucial in the secondary appeal. It would appear that the *Douglas* mandate should apply to the situation presented to us here.

More in point, however, is the explicit language of our Supreme Court:

"Even though petitioner has not complied with section 1237.5, the facts of this case raise a substantial question involving the scope of an attorney's duty to assist his client in perfecting an appeal from a judgment upon a plea of guilty. . . .

". . . It is readily apparent that where a defendant has been convicted upon a plea of guilty, his right to appeal may be dependent on many technical requirements of which he may be unaware." (*People v. Ribero, supra,* 4 Cal.3d at p. 64.)

"The Legislature has conditioned the right to appeal from a plea of guilty upon the filing of the required statement. Advice or assistance of counsel in filing the notice of appeal is meaningless if counsel does not also advise and assist in preparation and filing of the required statement.

It follows that counsel's obligation to assist in filing the notice of appeal necessarily encompasses assistance with the statement required by section 1237.5." (*Id.,* at p. 66.)

The record here shows, and we conclude, that appellant was deprived of the effective advice and assistance of counsel in his efforts to obtain a certificate of probable cause in the trial court, a right to which he was entitled.

Several alternative solutions are available. We could continue the present proceedings and grant appellant leave to apply to the trial court for a certificate of probable cause, this time with the aid of counsel. (See· *People* v. *Davis, supra,* 255 Cal.App.2d at p. 909.) We could direct appellant's present appellate counsel to assist appellant in the preparation of the required statement with appropriate directions to the court below. (See *People* v. *Ribero, supra,* 4 Cal.3d at p. 66.) We could treat this appeal as a petition for a writ. (See *People* v. *McMillan* (1971) 15 Cal.App.3d 576, 578-579 [93 Cal.Rptr. 296].)

Instead, we hold it to be more appropriate under these circumstances and in the interest of judicial economy to consider and dispose of the entire appeal on the merits. That ground of appellant's ·appeal which attacks proceedings occurring subsequent to his plea is concededly outside the purview of Penal Code section 1237.5. We are not unaware of the decision in *People* v. *Chew* (1971) 16 Cal.App.3d 254 [94 Cal.Rptr. 83] wherein the court considered and decided that part of an appeal which attacked the pronouncement of judgment, but refused to consider that part of the appeal which attacked the validity of the guilty plea upon the ground of noncompliance with section 1237.5. However, in *Chew,* there was a substantial lapse of time between plea and pronouncement of judgment, there was no real common factor between· appellant's challenge to the validity of the plea and the error claimed in pronouncement of judgment, and the record was apparently insufficient for the court to make an intelligent appraisal of appellant's arguments. In the instant case, the plea of guilty and the pronouncement of judgment were virtually contemporaneous with a consequent real connection between the errors claimed in relation to the plea and those claimed in relation to pronouncement of judgment, and the record before us is complete and annotates fully all of appellant's arguments.

Were we to return this matter to the trial court to allow appellant once more to apply for a certificate of probable cause, this time ·with the

assistance of counsel, nothing could be added to the present record other than a certificate of probable cause. It is inconceivable that such an addition to this record could shed any light on the truth or falsity of appellant's claims on appeal.

Our decision should not be interpreted to mean that in every case where a portion of the appeal does not require compliance with section 1237.5, and a portion does require such compliance, that the entire appeal must be considered. This holding is limited to the unusual circumstances here presented.

In view of this decision we deem it unnecessary to discuss the other contentions of the parties relative to noncompliance with section 1237.5.

 We turn then to the merits of the appeal. First, appellant urges reversal of the judgment because new counsel was appointed just prior to his plea of guilty without his consent, thus denying him the effective assistance of counsel at that stage.

On February 4, 1975, the day appellant pleaded guilty, the public defender requested that he be reappointed to represent appellant. Apparently when Mr. Hill, a private attorney, had first been appointed there had been a conflict of interest in the public defender's office in that the office was representing the informant in another case. However, by February 4th the informant's case had been resolved and the conflict no longer existed.

Mr. Hill agreed with the public defender that the conflict had been resolved and asked to be relieved from the case. The following exchange then took place between the court and the appellant: "THE COURT: Do you understand this, Mr. Santos, the Public Defender is to be representing you? THE DEFENDANT: Yes. THE COURT: Is that agreeable with you? THE DEFENDANT: Well, I had Mr. Cutler before, you know, I don't know if it is wise for me to take him again."

That was the first and only time the defendant was consulted regarding the substitution. The public defender, Mr. Cutler, was appointed to represent the appellant, and immediately asked that the pretrial be delayed a day or two in order for him to become familiar with and prepare the case, and discuss a possible prosecution settlement offer with the appellant. The court then delayed both the trial and pretrial proceedings.

The court and the attorneys then discussed a theoretical conflict problem in that the prosecuting attorney had been part of the public defender's office at the time appellant's case first commenced. Apparently Mr. Cutler was then given the opportunity to talk to Mr. Santos, and the proceedings were then explained to the defendant point by point and he agreed to the terms of the proposed settlement, waived a theoretical conflict of interest and pleaded guilty.

Appellant cites Business and Professions Code section 6076, and Rules of Professional Conduct, rule 2-111, which lists the conditions of mandatory and permissive withdrawal of an attorney, points out that none of the conditions listed were met, that accordingly, the substitution was improper, and hence, he was denied effective assistance of counsel. However, the precise question is whether the procedure followed was error of constitutional dimensions.

■ To justify relief upon the ground of inadequate counsel " 'an extreme case must be disclosed.' [Citations.] It must appear that counsel's lack of diligence or competence reduced the trial to a 'farce or a sham.' " (*People v. Ibarra* (1963) 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].) ■ If an attorney's incompetence or inadequacy "results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled." (*Id.*)

■ "It is not sufficient to allege merely that the attorney's tactics were poor, or that the case might have been handled more effectively. [Citations.]

"Rather, the defendant must affirmatively show that the omissions . . . cannot be explained on the basis of any knowledgeable choice of tactics." (*People v. Floyd* (1970) 1 Cal.3d 694, 709 [83 Cal.Rptr. 608, 464 P.2d 64].)

In *People v. McGarvy* (1943) 61 Cal.App.2d 557 [142 P.2d 92], the court held that the lower court had abused its discretion in refusing to set aside a guilty plea entered into after only brief discussions with counsel, apparently unfamiliar with the case, who had been requested by the district attorney to talk to the defendant. In *People v. Young* (1956) 138 Cal.App.2d 425 [291 P.2d 980], the court held that it was an abuse of discretion not to set aside a guilty plea unduly influenced by counsel's statement to defendant, immediately prior to trial, that counsel was ill prepared to proceed with the trial because he had not been paid sufficient sums.

First, this case is distinguishable from both *McGarvy* and *Young* by the fact there was no motion in the court below to set aside the plea. But a more fundamental distinction is the fact that appellant, here, was fully advised by the court of both the consequences of the plea, and the various conditions of the plea bargain, and freely consented to both. There is no indication the bargain was the result of undue influence or prejudiced the defendant. The public defender was apparently an experienced criminal lawyer and, through the plea bargain defendant succeeded in having a charge of sale of heroin reduced to mere possession, and with no mention of priors. In addition, his term was to run concurrently with a previous sentence. Also, the strength of the prosecution testimony at the preliminary hearing shows an acquittal was highly unlikely. It is therefore difficult to see how appellant was in any way prejudiced by the plea. If the plea were set aside by this court, it is doubtful that appellant would again receive such a favorable bargain or avoid conviction. The bargain was both an intelligent and wise decision and is more a credit than criticism of defense counsel.

We conclude that appellant was not denied effective counsel.

Appellant's second contention is that it was prejudicial error for the trial court to sentence him without a prior referral to the probation officer absent a waiver of the provisions of Penal Code section 1203 by appellant.

Appellant argues that Mr. Cutler, the newly appointed defense counsel, "waived referral to the Probation Department and time for sentencing without concurrence of Mr. Santos." Appellant concludes it was an abuse of discretion for the trial court not to have directly accepted the waiver from appellant himself.

This argument misstates the record. The following exchange took place: "THE COURT: All right. Then the not guilty plea will be withdrawn and the guilty plea will be accepted. Find it is voluntarily given. I understand you want to waive time for sentence and be sentenced at this time, is that right, Mr. Cutler? MR. CUTLER: Yes, we would waive the referral to the Probation Department and waive time for sentencing. THE COURT: We are doing this in chambers and that is agreeable with everybody, it is agreeable with you, Mr. Santos? THE DEFENDANT: Yes."

The court clearly obtained a waiver from both Mr. Cutler *and* appellant himself.

The judgment is affirmed.

Brown (G. A.), P. J., and Gargano, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 3, 1976.