[Crim. No. 29696. Second Dist., Div. Five. Aug. 2, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERTO LOPEZ SANCHEZ, Defendant and Appellant.

**COUNSEL**

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Aurelio Munoz and Allison Stein, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Gary R. Hahn, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—Appellant was charged in six counts with conspiracy, sale of heroin (four counts), and sale of cocaine (Pen. Code, § 182, subd. 1; Health & Saf. Code, § 11352). In addition, in counts II and III it was alleged that the sale was for one-half ounce or more of heroin within the meaning of Penal Code section 1203.07. The matter was submitted on the transcript of the preliminary hearing as to count III only. The court found appellant guilty as charged and found that appellant sold one-half

ounce or more of heroin within the meaning of Penal Code section 1203.07. The court found appellant not guilty on the other counts. Appellant was sentenced to the state prison for the term prescribed by law.

On February 3, 1976, appellant participated in the sale of over 2,575 grams of heroin for approximately $68,000.

Appellant's sole contention is that the trial court erred at the sentencing hearing by failing to address appellant personally, in addition to appellant's counsel, when asking whether there was any legal cause to show why judgment should not be pronounced. (Citing Pen. Code, § 1200.)[1] This contention is without merit.

At the sentencing hearing the court stated as follows:

"THE COURT: Do you waive formal arraignment for judgment and sentence?

"MR. KAPLAN [Counsel for appellant]: So waived.

"THE COURT: The record will show that defendant is before the court for hearing on his application for probation and sentence. The record will further show that the court has received and considered the entire report of the probation department.

"Any legal cause at this time why sentence should not be pronounced?

"MR. KAPLAN: None."[2]

Next the court stated:

"THE COURT: Counsel, do you wish to be heard?

---

[1]Penal Code section 1200 provides: "When the defendant appears for judgment he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him."

[2]Appellant's motion for new trial had been denied at a previous hearing, and the matter of sentencing had been continued.

"MR. KAPLAN: Only briefly, Your Honor." Counsel thereafter argued at length that the Penal Code section 1203.07 allegation be stricken and appellant be granted probation because appellant had no prior record and had indicated to the probation officer that he was coerced to participate in the transaction because of threats against his family in Mexico.[3] This motion was denied.

When the court asked whether there was any legal cause why judgment should not be pronounced and appellant's counsel replied that there was not, this constituted compliance with Penal Code section 1200. (*People* v. *Cross*, 213 Cal.App.2d 678, 681 [28 Cal.Rptr. 918]; *People* v. *Wiley*, 57 Cal.App.3d 149, 166 [129 Cal.Rptr. 13].) Even the *failure to ask* this question does not require reversal where the defendant is represented by counsel and no prejudice appears. (*People* v. *Thomas*, 45 Cal.2d 433, 438 [290 P.2d 491]; *People* v. *Parga*, 249 Cal.App.2d 820, 821 [57 Cal.Rptr. 829]; *People* v. *Chew*, 16 Cal.App.3d 254, 258 [94 Cal.Rptr. 83].)

Whether to permit a defendant represented by counsel also to speak on his own behalf is within the discretion of the trial court. (*People* v. *Cross*, *supra*, at pp. 681-682; *People* v. *Wiley*, *supra*.) Appellant concedes that "California law has been interpreted to permit the trial court to ignore the defendant and to solely address his or her counsel." Appellant argues that the existing interpretation is incorrect in light of *Green* v. *United States*, 365 U.S. 301, 304 [5 L.Ed.2d 670, 673, 81 S.Ct. 653]; *Faretta* v. *California*, 422 U.S. 806, 819-820 [45 L.Ed.2d 562, 572-573, 95 S.Ct. 2525]; and *Morrissey* v. *Brewer*, 408 U.S. 471, 489 [33 L.Ed.2d 484, 499, 92 S.Ct. 2593]. This contention is without merit.

In *Green*, the United States Supreme Court was interpreting a federal rule of criminal procedure, the text of which differs substantially from Penal Code section 1200.[4] *Green* was not based upon constitutional due process and is inapplicable to the proper interpretation of the California statute, as noted in *People* v. *Cross*, *supra*.

---

[3]We express no opinion as to whether the court had power to strike its prior finding under Penal Code section 1203.07, which rendered appellant ineligible for probation as a matter of law, since even assuming the court had such power, appellant has shown no grounds for reversal of the judgment.

[4]At the time of the *Green* decision, Federal Rules of Criminal Procedure, rule 32(a), provided in pertinent part: "'Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment.'" (365 U.S. at p. 303, fn. 1 [5 L.Ed.2d at p. 672].) The text of Penal Code section 1200, on the other hand, is not directed to the

*Faretta,* dealing with the constitutional right of the accused to represent himself, is inapplicable since appellant did not seek to represent himself. (See *People* v. *Windham,* 19 Cal.3d 121, 127-128 [137 Cal.Rptr. 8, 560 P.2d 1187].)

*Morrissey* dealt with the minimum rights of parolees upon revocation of parole. Apparently appellant relies upon the statement that the parolee must be afforded "opportunity to be heard in person." *Morrissey* is of no help in interpreting Penal Code section 1200, since the court in *Morrissey* was not addressing the question of a parolee represented by counsel. In any event, an accused who is represented by counsel at a *Morrissey*-type hearing may by his silence acquiesce in his counsel's waiver of *Morrissey* rights. (*People* v. *Dale,* 36 Cal.App.3d 191, 194-195 [112 Cal.Rptr. 93].)

Appellant's counsel urged on his behalf appellant's lack of a prior record and the alleged threats to appellant's family as mitigating circumstances. Appellant's own statement detailing these circumstances was in the probation report which the court read and considered. There was no abuse of discretion in failing to ask appellant whether he personally wished to speak (*People* v. *Cross, supra,* 213 Cal.App.2d 678, 682) and there has been no showing that appellant desired to speak to the court or that the disposition would have been any different if the court had personally addressed him. (*People* v. *Parga, supra,* 249 Cal.App.2d 820, 821-822.)

The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 28, 1977.

---

broad issue of mitigation of punishment but to whether there is "legal cause" why judgment should not be pronounced, i.e., whether the defendant is insane or has good cause for a motion in arrest of judgment or for a new trial. (Pen. Code, § 1201; *People* v. *Hawthorne,* 63 Cal.App.2d 262, 265 [146 P.2d 517].)