Filed 5/11/23  P. v. Poliquin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C097042 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CR-002507) |
| v. | |
| ROBERT PAUL POLIQUIN, SR., | |
| Defendant and Appellant. | |

A jury found defendant Robert Paul Poliquin, Sr., guilty of two counts of burglary and one count of vandalism.  Following this court's remand to the trial court for resentencing, defendant urged the trial court to impose the low term under Penal Code section 1170, subdivision (b)(6)[1] because his childhood trauma was a contributing factor in committing the burglary.  He further urged dismissal of a prior strike under section 1385, subdivision (c) and reconsideration of certain assessments the trial court did not orally pronounce at his original sentence.  The trial court reimposed the same sentence

---

[1]     Further statutory references are to the Penal Code unless otherwise indicated.

1

and restitution fines. Defendant made no specific objections to the resentencing decision in the trial court. We affirm the judgment but order the abstract of judgment corrected to strike the assessments because the trial court never imposed them.

FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant guilty of burglarizing two storage units—the Olive Grove storage unit and the Fig Lane storage unit—and of vandalizing the door to the Fig Lane unit. (*People v. Poliquin* (Mar. 21, 2022, C093906) [nonpub. opn.] (*Poliquin*).) Defendant admitted a previous conviction under the Three Strikes law (§§ 667, subds. (b)-(i); 1170.12). At sentencing, the trial court granted defendant's motion to dismiss his prior strike under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 as to one of the burglary convictions, but it denied the motion with respect to the other burglary conviction, citing defendant's criminal history and the injuries that could have been caused by the crime. The court sentenced defendant to prison for six years eight months (three years doubled to six pursuant to the Three Strikes law for one burglary conviction, plus a consecutive eight months for the other burglary conviction, and a concurrent 30 days for the vandalism). The trial court stated it would "reserve jurisdiction over restitution, but [would] also order restitution fines as outlined in the probation report." In addition to those restitution fines, the abstract of judgment reflects that defendant pay the following assessments: a $78 theft fine pursuant to section 1202.5, an $80 court security fee pursuant to section 1465.8, and a $60 criminal conviction fee pursuant to Government Code section 70373.

On his first appeal, we agreed with defendant that section 654 prohibited him from being sentenced for both burglary of the Fig Lane storage unit and vandalism of the door to that unit. (*Poliquin, supra*, C093906.) We remanded for the trial court to resentence defendant "in full exercise of its independent discretion, including to exercise the discretion conferred by section 654." (*Id.* at [p. 17], as mod. Apr. 1, 2022.) We declined to address defendant's concerns regarding the assessments because they would be

2

considered anew in resentencing.  (*Ibid.*)  At resentencing, the trial court stayed the vandalism conviction under section 654 but denied both defendant's request to strike the prior strike as to the burglary conviction under section 1385, subdivision (c) and defendant's request to impose the low term on that conviction under section 1170, subdivision (b)(6).  Although represented by counsel, defendant personally questioned the court's decision, and the court directed him to speak to his counsel who did not otherwise state any objections.

Defendant filed a timely notice of appeal.  On appeal, defendant argues the court erred in refusing to impose the low term under section 1170, subdivision (b)(6)[2] and in declining his request to strike his prior strike under section 1385, subdivision (c).  Defendant also argues the assessments should be stricken.  We address each argument in turn.

DISCUSSION

I

*The trial court did not err in refusing to impose the low term under section 1170, subdivision (b)(6)*

Section 1170, subdivision (b) applies when the trial court imposes a judgment of imprisonment, and the statute specifies three possible terms, generally described as the upper, middle, and low terms.  (§ 1170, subd. (b)(1).)  The court must impose the low term if the defendant's psychological, physical, or childhood trauma was a "contributing

---

[2]     To the extent defendant contends the trial court erred in imposing the upper term under section 1170, subdivision (b)(1) and (2), that contention is forfeited.  Defendant did not make this argument before the trial court upon resentencing.  The failure to object on this ground below forfeits his appellate challenge here.  (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" 'Claims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court.' " (Italics omitted.)].)  Thus, defendant's associated argument that the trial court "failed to set forth on the record the facts and reasons for imposing the upper term" is also forfeited.

3

factor in the commission of the offense" unless the court finds that "the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice."  (§ 1170, subd. (b)(6).)

Defendant contends the trial court lacked awareness of its duties under section 1170, subdivision (b)(6) and therefore failed to exercise *any* discretion under that provision.  We disagree.  In support of resentencing, defendant submitted a sentencing brief and argued section 1170, subdivision (b)(6) required imposition of the low term based on the childhood trauma he experienced as evidenced at the first sentencing hearing.  The People countered that defendant's legal argument attempting to link childhood trauma to his current pattern of criminality lacked supporting, credible evidence in the record.  The People further argued defendant's criminal history and the lack of mitigating factors supported the original sentence.  At the resentencing hearing, the trial court stated it "consider[ed] everything" and "agreed with the People . . . in regards to the childhood trauma issue."  These circumstances demonstrate the trial court applied the applicable law.  (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [absent an affirmative showing to the contrary, we presume the trial court was aware of and followed the applicable law].)

Defendant next argues that even if the trial court was aware of the standards under section 1170, subdivision (b)(6), it erred because it failed to explicitly state a finding that defendant's childhood trauma was not a contributing factor in the commission of the burglary or that aggravating circumstances outweighed mitigating circumstances.  But we may properly infer such a finding from the record.  Based on the written and oral arguments the trial court considered for purposes of resentencing, the court's statement that it agreed with the People regarding childhood trauma allows us to infer such a finding, so there is no error.

Defendant's related contention that the trial court prejudicially erred in failing to state the specific facts and reasons for not choosing the low term under section 1170,

4

subdivision (b)(5) also falls short but for a different reason. Defendant failed to raise this objection at resentencing; thus, the argument is forfeited. (*People v. Scott* (1994) 9 Cal.4th 331, 356; *People v. Bautista* (1998) 63 Cal.App.4th 865, 868 ["defendant cannot complain for the first time on appeal about the court's failure to state reasons for a sentencing choice"].) Defendant fares no better in his position that he lacked the opportunity to object at resentencing. While he personally questioned the trial court's decision, he made no specific objection as to the court's purported error. (*People v. de Soto* (1997) 54 Cal.App.4th 1, 4 ["a defendant's objections regarding claimed sentencing mistakes must be sufficiently specific and meaningful to allow the trial court to correct the errors . . . the sentencing judge has no obligation, when faced with an omnibus objection, to inquire further in an effort to ferret out the basis for the objection as it may exist in the mind of defense counsel"].) Furthermore, the trial court directed him to his counsel who made no objection. (See *People v. Sanchez* (1977) 72 Cal.App.3d 356, 359 [" 'California law has been interpreted to permit the trial court to ignore the defendant and to solely address his or her counsel' "]; *People v. Powell* (2011) 194 Cal.App.4th 1268, 1297 [finding defendant forfeited his claim that trial court failed to state reasons for its sentencing choices where court asked, " 'Is there anything further for the record,' " and defense counsel replied, " 'No, sir' "].)

Nevertheless, defendant insists that any finding by the trial court that there was no connection between the crime and his childhood trauma is not supported by substantial evidence. We review the evidence in the light most favorable to the People and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1079, citing *People v. Jones* (1990) 51 Cal.3d 294, 314.)

Applying this standard, defendant's position lacks merit. While the trial court was presented with evidence at the sentencing and resentencing hearings that defendant experienced trauma as a child, we do not reweigh the court's finding of a lack of a

connection between that trauma and the crimes at issue. The only attempts to make that link came from defendant in legal arguments that it was logical to conclude that his criminal conduct was a direct result of the trauma he experienced as a child and in the two statements he submitted in support of resentencing. In those statements, defendant asserted the abandonment, addiction, and abuse he experienced as a child created low self-esteem and self-worth. He further described an expectation early in life that he would eventually serve time behind bars because people told him he "was bad" and just like his incarcerated father. The trial court was in the best position to determine the credibility of these statements and give them the weight they deserved.

## II

*The trial court correctly did not apply section 1385, subdivision (c) to dismiss defendant's strike under the Three Strikes law*

Section 1385, subdivision (c) requires the trial court to dismiss an enhancement if it is in furtherance of justice and requires the court to consider and afford great weight to evidence offered by the defendant to prove any of the specified mitigating circumstances. (§ 1385, subd. (c)(1), (2).) Defendant argues an enhancement under this provision includes a strike conviction, and the trial court therefore erred by not considering evidence to support mitigating circumstances in determining whether to dismiss his prior strike. Defendant is mistaken. We recently held "the Three Strikes law is not an enhancement" under section 1385, subdivision (c), but rather "an alternative sentencing scheme for the current offense." (*People v. Burke* (2023) 89 Cal.App.5th 237, 243.) Thus, we find no error in the trial court's refusal to apply section 1385, subdivision (c) to defendant's strike.

## III

*The assessments must be stricken from the abstract of judgment*

The parties agree the trial court never orally pronounced the following assessments appearing on defendant's abstract of judgment: the theft fine under section

1202.5, the court security fee under section 1465.8, and the criminal conviction fee under Government Code section 70373. But the People argue that defendant agreed to these assessments or waived their oral pronouncement. Not so. While the records from defendant's original sentencing hearing indicate that defendant waived formal arraignment, they do not indicate he waived oral pronouncement of the judgment. (*People v. Prater* (1977) 71 Cal.App.3d 695, 702 [waiver of arraignment for judgment does not obviate trial court's duty to orally pronounce judgment].) Generally, only the oral pronouncement constitutes the judgment, and any divergence in the minutes or abstract of judgment is presumed clerical error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) We exercise our inherent power to order correction of the abstract of judgment by striking them. (*Mitchell*, at p. 185.)

## DISPOSITION

The judgment is affirmed. The trial court shall prepare a corrected abstract of judgment by omitting the theft fine (§ 1202.5), the court security fee (§ 1465.8), and the criminal conviction fee (Gov. Code, § 70373) and forward a certified copy to the Department of Corrections and Rehabilitation.


    /s/ _____
MESIWALA, J.


We concur:


  /s/ _____
DUARTE, Acting P. J.


  /s/ _____
BOULWARE EURIE, J.

7