Filed 2/20/26  P. v. Montes CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERICK MONTES,<br><br>    Defendant and Appellant. | B337446<br><br>(Los Angeles County Super. Ct. No. BA358831) |

APPEAL from an order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

Sarah Sanger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Appellant Erick Montes appeals from resentencing following his petition under Penal Code section 1172.1.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Montes filed a supplemental brief.  We review the contentions Montes raises in his supplemental brief, and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are in two previous nonpublished opinions, *People v. Montes* (May 21, 2015, B254824) (*Montes I*) and *People v. Montes* (July 7, 2023, B318207) (*Montes II*).  In short, in April 2009, E.T.[2] was driving his teenage daughter, B.T., home from her high school prom.  While E.T.'s car was stopped at an intersection, Montes stopped his car next to E.T.'s and yelled at him. As E.T. began driving away, the occupants of Montes's car opened fire.  E.T.'s car was struck approximately 13 times. E.T. was struck in the leg and partially paralyzed.  B.T. was not physically injured.  (*Montes I*, *supra*.)

The People filed a four-count information against Montes alleging the attempted willful, deliberate and premeditated murder of E.T. (§§ 664, 187, subd. (a), count 1); assault of B.T. with a semiautomatic firearm (§ 245, subd. (b), count 2), which included an allegation that Montes personally used a firearm (§ 12022.5, subd. (a)); shooting at an occupied motor vehicle (§ 246, count 3); and unlawful possession of a firearm by a felon with two prior convictions (former § 12021, subd. (a)(1), count 4).

---

[1]     All further undesignated statutory references are to the Penal Code.
[2]     We refer to the victims by initials to protect their privacy. (See Cal. Rules of Court, rule 8.90(b)(4).)

(*Montes I, supra*.)  The information further alleged that all four counts were committed in association with a criminal street gang (§ 186.22, subd. (b)(1)(C) [counts 1-3], subd. (b)(1)(A) [count 4]), and counts 1, 2, and 3 were subject to sentencing under section 186.22, subdivision (b)(4).  The information alleged as to counts 1 and 3 that a principal personally and intentionally discharged a firearm, proximately causing great bodily injury to E.T. (§ 12022.53, subds. (b)-(e)), and that Montes personally inflicted great bodily injury upon E.T.  (§ 12022.7, subd. (a)).  The information additionally alleged that Montes suffered a prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), a prior serious felony conviction  (§ 667, subd. (a)(1)), and one-year prison prior (§ 667.5, subd. (b)).  (*Montes I*, supra.)

In August 2012, a jury found Montes guilty as charged, and found all the enhancement allegations true.  Montes admitted his prior convictions.  (*Montes II*, *supra*.)  In April 2014, the trial court sentenced Montes to 76 years to life, calculated as follows: "The court sentenced appellant to seven years to life on count 1, doubled to 14 years to life due to the strike.  The court also imposed a consecutive sentence of 25 years to life for the section 12022.53, subdivision (d) enhancement, and imposed and stayed sentences on the other enhancements on count 1.  It also imposed five years for the prior serious felony conviction, bringing appellant's total sentence on count 1 to five years plus 39 years to life.  On count 2, the court selected the upper term of nine years 'because of the victim's vulnerability and because Mr. Montes was on federal parole, essentially, at the time of the crime.'  The court doubled the sentence to 18 years due to the strike, and ordered it to run consecutively to the sentence on count 1.  The court imposed a consecutive midterm sentence of four years for

3

the section 12022.5 personal use enhancement, and additional consecutive terms of five years for the gang enhancement and prior serious felony convictions, bringing appellant's total sentence on count 2 to 32 years.  The court imposed and stayed midterm sentences on counts 3 and 4 and their related enhancements." (*Montes II, supra.*)  This court affirmed the judgment in *Montes I, supra.*

In 2018, the Department of Corrections and Rehabilitation (CDCR) requested recall of Montes's sentence under what is now section 1172.1.[3]  By the time of the resentencing hearing in January 2022, several additional changes to sentencing laws had taken effect.  The court resentenced Montes to 57 years to life as follows:  On count 1, a total term of 39 years to life, calculated as seven years to life, doubled to 14 years to life due to Montes's prior strike, plus a consecutive term of 25 years to life pursuant to section 12022.53, subdivision (d).  On count 2, a total term of 18 years calculated as the high term of nine years, doubled pursuant to sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (e).  On count 3, the court imposed and stayed the midterm, and on count 4 it imposed the midterm of two years concurrently.  (*Montes II, supra.*)

Montes appealed.  This court held that pursuant to section 1385, the trial court was required to strike or dismiss certain

---

[3]     Section 1172.1 authorizes a trial court to recall a sentence and resentence a defendant. (§ 1172.1, subd. (a)(1).)  At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (a)(2).)

enhancements, rather than stay them. This court therefore reversed with instructions that the court "strike or dismiss the enhancements under sections 186.22, 12022.5, and 667, subdivision (a), or the punishments therefor." (*Montes II, supra*.)

Upon remand, the trial court held a resentencing hearing on May 1, 2024. The court imposed the same sentence but struck the enhancements or punishments under sections 186.22, 12022.5, and 667, subdivision (a). The court also clarified that it was striking enhancements under section 12022.53, subdivisions (b) and (c) for count 1; section 12022.7 and section 12022.53, subdivisions (b), (c), (d), and (e) on count 3; and section 12021 on count 4.

Montes timely appealed.

## DISCUSSION

Montes's counsel filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. Montes was advised of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and he did so. We evaluate the arguments set forth in that supplemental brief. (See *id*. at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Montes's arguments focus on his resentencing. To the extent Montes challenges the court's discretionary decisions, we review for any abuse of that discretion. "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) We review legal questions de novo. (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 323.)

5

Under either standard, a judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) We presume the court knew of and followed applicable law (*People v. Reyes* (2016) 246 Cal.App.4th 62, 82), and that it considered all relevant sentencing factors unless the record "'affirmatively demonstrates otherwise.'" (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.)

      1.    *Meaningful modification*

First, Montes contends that under section 1172.1, he was entitled to a "meaningful modification" of his sentence. His original sentence in 2014 was 76 years to life, and his modified sentence in 2022 was 57 years to life. Montes asserts that this 19-year reduction was not a "meaningful modification," because he "still ended up with 57 years with double life." Montes already appealed his 2022 resentencing in *Montes II*; this appeal is from his 2024 resentencing. We will not revisit issues from 2022 in this appeal.

Montes further contends that upon remand from *Montes II*, he was entitled to a second full resentencing, which also should have resulted in a "meaningful modification" compared to the 2022 sentence.[4]

---

[4] Each of Montes's arguments also includes a single sentence asserting that the purported error deprived him of rights under the United States Constitution, including due process, equal protection, an undefined "liberty interest," and cruel and unusual punishment. None of these arguments includes citations to legal authority or cogent argument, so we do not address them. (See, e.g., *People v. Flores* (2024) 101 Cal.App.5th 438, 452 fn. 3 (*Flores*).)

6

Montes's "meaningful modification" argument is derived from an uncodified portion of Assembly Bill No. 600 (Reg. Sess. 2023-2024), which amended section 1172.1 effective January 1, 2024. (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 10. ) In the uncodified portion of the bill, the Legislature stated, "It is the intent of the Legislature that, in cases where the judge concludes that recall and resentencing pursuant to Section 1172.1 of the Penal Code is appropriate, the resentencing result in a meaningful modification. 'Meaningful modification' means it will cause some actual change in the person's circumstances, including, but not limited to, immediate release, earlier release, and newly acquired entitlement to review by the Board of Parole Hearings or the advancement of eligibility for a parole hearing." (Stats. 2023, ch. 446, § 1, subd. (d); see *Dowdy, supra*, 107 Cal.App.5th at p. 13; *People v. Brammer* (2025) 117 Cal.App.5th 675, 686 (*Brammer*).)

Montes is "is asking us to read into the statute language the Legislature expressly relegated to an uncodified portion of the enacting legislation." (*Brammer, supra*, 117 Cal.App.5th at p. 687.) However, "the plain language of section 1172.1 does not require the trial court to recall a defendant's sentence at all, much less reduce it by any particular amount." (*Id*. at p. 686.) Montes has not demonstrated that he was entitled to a shorter sentence upon remand.

2. *Section 12022.53, subdivision (e)*

Montes argues the trial court erred by striking the punishment under section 186.22 but still imposing punishment under "PC § 12022.53 (d)/(e) due to appellant being charged as a 'principle' [*sic*] and not with 'personal' use of a firearm." He contends this allegation was "intrinsically entwined" with the

7

gang enhancement, so "[t]here is no legal way to drop the punishment under the gang enhancement without dropping the 25 to life punishment under the gun enhancement."

This argument appears to be based on a misinterpretation of the record. The court and counsel did repeatedly refer to section 12022.53 "(d)(e)" or "(d) and (e)" at the sentencing hearing upon remand. However, the court sentenced Montes for only a single enhancement under section 12022.53, subdivision (d), personal and intentional discharge of a firearm proximately causing great bodily injury, on count 1. Montes was not sentenced under section 12022.53, subdivision (e) as a "principal." His argument is therefore moot.

### 3. *The court's discretion*

Third, Montes argues that the deputy district attorney "directed the court on exactly what to say so that she could still impose the 25 to life enhancement under PC § 12022.53 (d)/(e). From a technical standpoint, the judge did not utilize *her* discretion, she used [the deputy district attorney's] discretion. That's an abuse of discretion." The record does not support this contention. The court and the deputy district attorney did discuss the details of the sentence, but the record clearly shows the court exercised its own discretion while sentencing Montes.

### 4. *Section 1385*

Montes asserts several arguments relating to section 1385, subdivision (c)(2) (section 1385(c)(2).)[5] Section 1385(c)(2) relates to the dismissal of enhancements "if it is in the furtherance of

---

[5]     In these arguments, Montes asks that enhancements under section 12022.53 be dismissed on counts 1 and 3. However, only the sentence on count 1 includes such an enhancement; the court struck these enhancements for count 3.

justice to do so," when certain mitigating circumstances are present. It requires the court to consider "evidence offered by the defendant to prove" the mitigating circumstances. (§ 1385(c)(2).) The trial court "retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*People v. Walker* (2024) 16 Cal.5th 1024, 1029.) "[U]ltimately, the court must determine whether dismissal is in furtherance of justice." (*Id.* at p. 1036.)

In the 2022 resentencing, the trial court considered Montes's arguments under section 1385, and stayed several enhancements pursuant to that statute. (*Montes II, supra*; see § 1385(c)(2)(B).) This court reversed in *Montes II*, holding that the court was required to strike or dismiss those enhancements, rather than stay them. (*Montes II, supra.*) At the 2024 resentencing, the court noted its previous section 1385 findings, struck the enhancements, and stated that it "does not believe" that any additional "1385 findings apply in this case." Montes disagrees with the court's conclusion, arguing that four mitigating circumstances apply as follows.

First, Montes contends that section 1385(c)(2)(A) applies. It states, "Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745." Montes argues that the system of incarceration is racially biased, citing statistics from special directives issued in 2020 by then-district attorney George Gascón. Montes asserts that "[j]ust being of Latin/Hispanic descent combined with these statistics, is enough to prove that these racial disparities affected appellant's sentence."

9

At the sentencing hearing, the trial court acknowledged Montes's argument based on section 745, and found that "based on what was presented by the defense," Montes failed to demonstrate its applicability. In his supplemental brief, Montes does not cite any evidence in the record, he does not discuss the court's ruling, and he does not offer any argument as to why the court's conclusion was erroneous. The contention is therefore forfeited. (See, e.g., *Flores, supra,* 101 Cal.App.5th at p. 452 fn. 3.)

Second, Montes argues that section 1385(c)(2)(B) applies. It states, "Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." Montes's argument on this point is not clear. He asserts that if the gang enhancement under section 186.22 "is the only mechanism that triggers the 25 to life, then that punishment should be stricken as well." He asserts that if the trial court "leaves the 186.22 intact, [it] is not abiding by this section of the law." This contention appears to be based on a misunderstanding of the record, because the court struck the enhancement under section 186.22.

Third, Montes argues that section 1385(c)(2)(C) applies. It addresses situations in which the "application of an enhancement could result in a sentence of over 20 years." Montes argues that the "punishment under P.C. § 12022.53(d) (e) [*sic*] is 25 to life which exceeds 20 years. Accordingly, this enhancement should be stricken." However, the plain language of section 1385(c)(2)(C) does not limit *enhancements* over 20 years; it addresses "a sentence of over 20 years." Montes does not offer any argument about how his sentence was affected by this factor.

Fourth, section 1385(c)(2)(E) allows a court to consider whether the "current offense is connected to prior victimization or childhood trauma." Montes contends the court erred in "refusing to allow [his] 'letter to the court'" submitted before this 2022 resentencing hearing about how childhood trauma affected his life. However, this appeal is only from the 2024 sentencing; we do not consider claims of error from earlier hearings.

Finally, section 1385(c)(2) states that "[p]roof of the presence of one or more of [the mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." Montes argues that he will not endanger public safety. However, because he has not demonstrated that the section 1385(c)(2) mitigating circumstances apply, there is no need to consider the impact of the public safety exception.

Moreover, Montes offers no argument suggesting that the trial court's section 1385 analysis failed to "determine whether dismissal is in furtherance of justice." (*People v. Walker, supra,* 16 Cal.5th at p. 1036), or that the court abused its discretion in doing so. Montes's bare assertion that certain section 1385(c)(2) mitigating circumstances were present is insufficient to demonstrate that the court's sentencing decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony, supra,* 33 Cal.4th at p. 377.)

   5.   *Record regarding ineffective assistance of counsel*

Montes asserts that he was unhappy with the performance of his counsel at the resentencing hearing, and when he tried to tell this to the trial court near the end of the hearing, the court would not let him speak.

As the resentencing hearing was ending and the trial court advised Montes of his appellate rights, Montes asked to address the court. He said, "I kind of object to the whole resentencing hearing . . . ." The court cut him off, telling him that he was not permitted to act as his own attorney. Montes then said, "My attorney is not doing nothing, he just sitting there [*sic*]," and, "He's not addressing all the issues that [the deputy district attorney] raised." The court stopped Montes, noted that the court had taken the time to address all of the issues in Montes's written motion, then concluded the hearing.

Montes now argues that the court "continuously spoke over [Montes] so he could not make a full record of his attorney's incompetence" for "appellate purposes." He relies on a quote from *People v. Marsden* (1970) 2 Cal.3d 118, 124 (*Marsden*): "a judge who denies a motion for substitution of attorneys solely on the basis of his courtroom observations, despite a defendant's offer to relate specific instances of misconduct, abuses the exercise of his discretion to determine the competency of the attorney."

We find no error. Notably, Montes does not assert that he was attempting to make a *Marsden* motion, or that he was barred from doing so. Nor does he argue that he actually received ineffective assistance of counsel. He only argues that the court prevented him from expressing his opinions about his counsel's performance on the record. No authority suggests that a defendant has such a right under these circumstances. (See, e.g., *People v. Evans* (2008) 44 Cal.4th 590, 600 [a defendant does not have a right to address sentencing issues after the court begins pronouncing the sentence]; *People v. Sanchez* (1977) 72 Cal.App.3d 356, 359 ["Whether to permit a defendant represented

12

by counsel also to speak on his own behalf is within the discretion of the trial court"].)

6.     *STEP Forward Act and Racial Justice Act*

Montes argues that the trial court erred when it "denied appellant under" Assembly Bill No. 333, the STEP Forward Act of 2021 (Stats. 2021, ch. 699, § 1), even though Montes "never filed any motion/petition under this act."  He does not include any record citations in support of this argument.  The contention is therefore forfeited.  (*Flores, supra,* 101 Cal.App.5th at p. 452 fn. 3.)

Montes also argues that he "did not file any motion/petition under" the Racial Justice Act, section 745, but he referenced section 745 in making his section 1385(c)(2) arguments.  Montes seems to suggest that the trial court's ruling on the section 1385(c)(2) circumstances could be interpreted to limit a future Racial Justice Act petition.  We have already found no error in the court's section 1385(c)(2) rulings.  Montes's speculation about how this may affect future proceedings is not a showing of error regarding his resentencing.  We express no opinion on any future petitions Montes may file.

In sum, Montes has not demonstrated that the trial court abused its discretion in resentencing him.

7.     *Ineffective assistance of appellate counsel*

Montes argues that his appellate counsel was ineffective because she did not "consult with him regarding the filing of the brief and she definitely did not advocate" for him, since she filed a no-issue brief under *Delgadillo, supra.*

"'[T]here is no constitutional right to the effective assistance of counsel' in state postconviction proceedings." (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.)  Even if Montes had

13

such a right to establish ineffective assistance of counsel, he must show that his counsel's representation was deficient and that he was prejudiced by the deficiency.  (*Strickland v. Washington* (1984) 466 U.S. 668, 693-694, 697.)  Montes has failed to do so here.  Appellate counsel's filing of a *Delgadillo* brief does not violate either the United States or California Constitution and does not constitute ineffective assistance of counsel.  (*People v. Kelly* (2006) 40 Cal.4th 106, 119.)  In addition, we have exercised our discretion to independently review the record (see *Delgadillo, supra*, 14 Cal.5th at p. 232), and conclude no arguable issues exist.

## DISPOSITION

The May 1, 2024 order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:



ZUKIN, P. J.                                        MORI, J.


14